## F. W. DAY *v.* B. F. JONES.

31  261
79  484

TIME WITHIN WHICH ELECTION MAY BE CONTESTED.—An elector is not deprived of his remedy to contest an election because the Board of Canvassers assume to meet more than forty days after the return of the legal votes, and acting on returns then made, declare a person elected to an office who was not elected by the legal votes first returned.

IDEM.—The forty days within which proceedings may be commenced to contest an election commence running on the day on which the Board of Canvassers make the canvass which is the subject of controversy.

APPEAL IN CONTESTED ELECTION CASE.—The Supreme Court has appellate jurisdiction from a judgment of the County Court rendered in an election contest.

ACT ALLOWING SOLDIERS TO VOTE IS UNCONSTITUTIONAL.—The Act of April 4th, 1864, authorizing persons in the military service of the United States to vote elsewhere than in the county or district where they respectively reside, and have their votes counted in such county or district, is unconstitutional.

IDEM.—*Query?* Is the ninth section of said Act in force, on the ground that a part of an Act may be unconstitutional without invalidating other portions?

APPEAL from the County Court, Butte County.

The petition of the contestant Day was filed December 8th, 1865. The defendant appealed from the judgment of the County Court.

The other facts are stated in the opinion of the Court.

*George Cadwalader*, for Appellant, argued that if the law allowing the votes of soldiers cast out of the county to be counted was unconstitutional, the canvass of votes ended on the 11th day of September, and the petition having been filed more than forty days thereafter, must be dismissed; and cited section fifty-six of the Election Law. He also contended that the Act of April 4th, 1864, was constitutional; and cited *People* v. *Sassovich*, 29 Cal. 480; and *Lehman* v. *McBride*, 5 Ohio State Reports, 573.

*Jos. E. N. Lewis*, for Respondent, argued that when the Board of Canvassers met on the 11th day of September and canvassed the votes and declared Day elected, and ordered the certificate to issue to him, they had exhausted their jurisdiction, and they could not thereafter recanvass the votes; and cited *Marbury* v. *Madison*, 1 Cranch, 137. He also contended

that the Act of 1864, allowing soldiers to vote outside the counties where they resided, was unconstitutional.

By the Court, RHODES, J.:

The parties were rival candidates for the office of Sheriff of the County of Butte at the general election in 1865. At the meeting of the Board of Canvassers, in September, Day was found to have received the largest number of the votes cast in the county, and was declared duly elected, and a certificate of election was accordingly issued to him. The Board again met on the 6th of November, and again canvassed the votes, including forty-one votes cast without the county by persons in the military service of the United States—eight of which were cast within, and thirty-three without this State— and thereupon declared Jones duly elected to the office of Sheriff. The petition was filed December 8th, 1865. The County Court gave judgment for Day.

The counsel for the appellant, Jones, makes the point that if the position of the respondent's counsel is correct, that the law authorizing soldiers to vote is unconstitutional, then the canvass of votes made in November is void, and that the petition of the contestant, which was filed more than forty days after the return day, as prescribed by section fifty-six of the Election Act of 1850, must be dismissed. The respondent's counsel moves to dismiss the appeal on two grounds, the second of which is that an appeal is not the proper remedy. This ground, like the appellant's point, is based on the position taken by his adversary. Both are hypothetical, and neither are correct. A party is not deprived of a remedy to contest an election because the Board of Canvassers assumed to meet more than forty days after the return of the legal votes; and, acting on returns then made, declared a person elected to an office who was not elected by the legal votes first returned. For the purpose of the contest, the time would be held to run from the day on which the returns were made, on which the Board made the canvass which was the subject

of controversy.   On the other hand, the losing party is not deprived of his appeal because the successful party commenced the proceedings in the Court below at a later day than the law authorized.

The ninth section of the Act of April 4th, 1864, (Stats. 1864, p. 434,) amongst other things provides that " the several persons whose duty it is to canvass the votes given for county or district officers are hereby directed to wait before completing said canvass until sixty days from the time when such general, judicial, county or special election may be held ; but they are hereby required to canvass such votes on the said sixtieth day," etc.   A part of an Act may be unconstitutional without infecting or invalidating other portions of the Act ; and it may be an important question whether the provision cited from the ninth section of the Act, is not in force.   The question has not been discussed and we express no opinion upon it ; but we have no doubt that when such canvass has been made, the time for contesting the election will begin to run from the time returns were made which were then canvassed.

The respondent's first ground—that this Court has no appellate jurisdiction of the case—was fully considered in the opinion of the Chief Justice in *Knowles* v. *Yeates, ante,* p. 82, and the decision was adverse to the respondent.

The principal question in the case involves the constitutionality of the Acts of 1864, authorizing persons in the military service of the United States to vote elsewhere than in the county or district in which they respectively reside, and have their votes returned to and counted in such county or district, as if they had been cast at an election held therein.   The general features of the Acts involved in this case are the same as those of the Act of 1863, which was construed by the Court in *Bourland* v. *Hildreth,* 26 Cal. 161.

Upon the authority of that case we hold that the County Court did not err in rejecting the votes that were cast without the County of Butte.   Judgment affirmed.

Mr. Justice SANDERSON expressed no opinion.