[No. 2,958.]

# THE STOCKTON AND COPPEROPOLIS RAILROAD COMPANY v. VINCENT GALGIANI et al.

APPEAL IN SPECIAL CASES.—The Supreme Court has jurisdiction to entertain an appeal in special cases, and a proceeding to condemn land for the use of a railroad company is a special case.

PROOF OF DAMAGES FOR TAKING LAND FOR A PUBLIC USE.—In a proceeding to condemn land for a public use, the fact to be ascertained is the value of the land at the time of the taking, and to arrive at this value, testimony to prove the annual nett profits derived from the land for a particular use, is not admissible.

JUDGMENT ON APPEAL IN CASE OF CONDEMNATION OF LAND.—When an appeal is taken by the petitioner from an order of the Court confirming the report of commissioners appointed to assess damages in a proceeding to condemn land for a public use, if there is more than one tract of land, the order may be reversed as to one of the tracts, and affirmed as to another.

APPEAL from the County Court, County of San Joaquin.

The petition was filed December 3, 1870. There were two tracts through which a belt of land for a railroad track was sought to be condemned, and one track belonged to the Galgiani's, G. Peri, A. Peri, and L. Silna, and the other tract to Louis Vilhac and J. S. Page. The other facts are stated in the opinion.

W. L. Dudley and A. Dudley, for the Appellant, argued that the nett profits of the land for vineyard purposes was not admissible in evidence to fix the damages, and cited S. F. A. and S. R. R. Co. v. Caldwell, 31 Cal. 375, and statutes of 1867–8, p. 705.

E. S. Pillsbury, for Respondent, argued that the nett profits of land was one of the elements upon which to determine its value, and cited Greenl. on Ev., Sec. 448, and C. P. R. R. Co. v. Pearson, 35 Cal. 262.

By the Court, NILES, J.:

The petitioner, a railroad corporation, appeals from the judgment of the County Court confirming the report of Commissioners appointed to ascertain and assess the com-

pensation to the owners of certain lands sought to be appropriated by the company for the purposes of its road, and from the order overruling the petitioner's motion for a new trial.

1. Whether, under the provisions of Article VI., Section 4, of the Constitution, an appeal lies to this Court in special cases cannot be considered at this day as an open question. In *Knowles* v. *Yeates* (31 Cal. 85), and *Day* v. *Jones* (31 Cal. 263), this point was directly presented and decided. In numerous other instances this Court has entertained jurisdiction in special cases. (See cases cited by Mr. Chief Justice RHODES in Houghton's appeal, 42 Cal. 68.) In view of these cases we do not think a reconsideration of the question at this time would be profitable, and hold that this Court has jurisdiction of this appeal.

2. It appears from the testimony that the land of the respondent Galgiani and others, his co-tenents, was planted with vines and cultivated and used as a vineyard. During the progress of the testimony touching the value of this land, a witness was allowed, against the objection of petitioner, to give his estimate of "the average annual nett profits per acre from the strip taken by the railroad company." The evidence was clearly inadmissible. The fact to be ascertained was the value of the land at the time of the taking. It is not allowed to arrive at this fact by proof of the annual nett profits derived from a particular use. The profit for any year would depend upon many and varying circumstances, such as the nature of the season, the price of labor, the condition of the market as to supply and demand in respect to the particular product, etc. A valuation derived from such evidence would be conjectural and speculative, and would not form a proper basis for an estimate of damages.

The error we have noticed affects only the proceedings relative to the land known as the Galgiani tract. We perceive no error in the proceedings concerning the land known as the Vilhac tract.

Order reversed and cause remanded for a new trial as to the respondents V. Galgiani, G. Galgiani, F. Galgiani, G.

Peri, A. Peri, and L. Silna, and order affirmed as to respondents Louis Vilhac and J. S. Page. Remittitur forthwith.

Mr. Justice McKINSTRY did not express an opinion.