[No. 7,277.—Department One.]

## THE PEOPLE *v.* A. PFEIFFER ET AL.

PROCEEDINGS FOR THE CONDEMNATION OF LAND FOR THE UNIVERSITY OF CALIFORNIA—EMINENT DOMAIN—APPEAL—PARTY AGGRIEVED—INTERVENOR.—In a proceeding for the condemnation of lands, etc., which was commenced for the benefit of the University of California, under the act of April 1st, 1876, entitled "Act to provide a supply of water for the University," etc., the court made an *ex parte* order, permitting the appellant to intervene, but afterwards set aside the order and dismissed his complaint.

*Held,* upon an appeal from a judgment, That the appellant was not a party or privy to it, or in any way prejudiced by it, and therefore was not entitled to appeal.

ID.—ID.—ID.—DEFINITION.—A party aggrieved means a party to the action or one prejudiced by the judgment.

ID.—ID.—FINAL JUDGMENT—CONSTRUCTION OF ACT.—*Held, further,* That the award of the commissioners was not a final judgment until approved and confirmed by the Governor.

APPEAL by Charles J. Collins, administrator of the estate

of José Domingo Peralta, deceased, from a judgment condemning certain lands alleged to belong to said estate in the Superior Court of Alameda County.   Crane, J.

*Mich. Mullany,* for Appellant.

*W. H. & J. R. Glasscock,* for Respondents Shaw and Glasscock.

*Wm. M. Pierson,* for Respondent Berryman, cited *Hocker* v. *Kelley,* 14 Cal. 164; *Hibernia S. & L. Soc.* v. *Ordway,* 38 id. 680.

The Court:

Neither the appellant nor his intestate was a party to the proceedings for the condemnation of the lands and springs of water thereon, which were commenced for the benefit of the University of California, etc., under an act of the Legislature of the State, entitled "An act to provide a supply of water for the University, and for the Asylum for the Deaf, Dumb, and Blind," approved April 1st, 1876. · The only relation which either of them had to the proceedings was this: Several weeks after the Commissioners appointed by the Court had appraised the value of the springs and lands described in the complaint and had filed their report, the appellant, as administrator of the estate of José Domingo Peralta, deceased, made application for leave to intervene in the proceedings. The Court made an *ex parte* order permitting him to present and file a complaint in intervention, but subsequently, after filing the complaint, set aside the order, refused to allow him to intervene, and dismissed his complaint.   From the judgment of dismissal the appellant took no appeal, as he might have done (*Stich* v. *Goldner,* 38 Cal. 610); but after the Court had confirmed the report of the valuation by the Commissioners, and entered a judgment of condemnation between the parties to the proceedings, pursuant to the provisions of the statute, he prosecuted this appeal from that judgment.

A proceeding to condemn land for a public purpose is a special proceeding, from the final judgment in which an appeal may be taken by any party aggrieved.   (Code Civ. Proc., § 1257; *S. & C. R. R. Co.* v. *Galgiani,* 49 Cal. 139.)   But a

party aggrieved means a party to the action or one prejudiced by the judgment. (*Adams* v. *Woods*, 8 Cal. 315.) The appellant was not a party to the action in the Court below, because his suit to be made a party was rejected, nor was he injured by the judgment. And what he claims to have been a final judgment was not a judgment against him. He was neither a party nor privy to it. It did not affect his rights; and he was in no way prejudiced by it. (*Hibernia S. & L. Soc.* v. *Ordway*, 38 Cal. 680; *South's Heirs* v. *Hoy*, 3 Bibb. 523.)

But the alleged judgment itself was not final, within the intent and meaning of the statute under which it was rendered; because the statute required that the award of valuation by the Commissioners, to be effectual, must be confirmed by the Governor. Section 4 of the statute provides, that "upon a judgment being rendered for the condemnation of said springs and lands, and appraising the value thereof, and upon filing in said proceeding a written certificate by the Governor, approving such valuation, the Controller shall draw his warrant upon the State Treasurer for the amount of such valuation payable out of any moneys in the General Fund, and the same shall be paid into Court, to be paid out, under the order of the Court, to the parties entitled thereto."

The award of the Commissioners did not, therefore, become a final judgment until after the approval and confirmation by the Governor. Until confirmed the judgment was not final and conclusive between the parties to it. The Governor refused to approve and confirm it. It was therefore unenforceable.

As there was no final judgment, and the appellant was not a party to the proceedings, his appeal must be dismissed.

It is so ordered.