## CALIFORNIA SOUTHERN R. CO. v. COLTON LAND & WATER CO.

### January 19, 1884.

#### 2 Pac. 38.

**Eminent Domain.—The Averments Herein Show Sufficiently That the Defendant** was properly named, and was not the known owner and claimant of the land sought to be condemned. A demurrer, therefore, on the ground that these facts did not appear, as required, was properly overruled.[1]

**Eminent Domain.—The Compensation for Land Taken Under Condemnation** proceedings is the value of it at the time of trial, and not at the date of the summons, as prescribed in section 1249, Code of Civil Procedure.

Byron Waters and H. E. Cooper for plaintiff and respondent; J. A. Gibson and J. O. Bethune for defendant and appellant.

McKEE, J.—It is contended that the court below erred (1) in overruling the demurrer to the complaint in the proceeding; and (2) in excluding evidence, offered by the defendant, to

---

[1] Cited and explained in Tehama Co. v. Bryan, 68 Cal. 65, 8 Pac. 673, holding section 1249, California Code of Civil Procedure, fixing the measure of damages as of date of summons constitutional.

prove the value of the land in controversy at the time of the trial. The object of the proceeding was condemnation of a strip of land for the right of way for a railroad. By a general demurrer the defendant objected that the complaint did not contain facts sufficient to entitle the plaintiff to exercise the right of eminent domain, because, as was urged on the argument, it did not contain ''the names of all owners and claimants of the property, if known, or a statement that they were unknown,'' as required by subdivision 2, section 1244, Code of Civil Procedure. But the complaint contains the name of the defendant as a corporation duly organized and acting under the laws of the state of California, and the following allegations: ''That plaintiff is constructing a railroad from the said National City northward to a connection with the railroad of the Atlantic and Pacific Railroad Company at or near the thirty-fifth parallel of north latitude, in the state of California; that in the construction, maintenance and operation of its railroad the plaintiff needs, and by this action seeks to acquire, a right of way one hundred feet in width, through the lands of the defendant; said right of way being more particularly described as follows: Being a strip of land one hundred feet in width, located and included between lines on each side of, parallel to, and fifty feet distant from the center line of location of plaintiff's railroad, as the same is located through the lands of the defendant; said center line being located as follows,'' etc. These averments sufficiently show that the defendant was properly named, and that it was the known owner and claimant of the land which plaintiff sought to condemn for the right of way in the construction of its road. There was, therefore, no error in overruling the demurrer.

Under section 1248, Code of Civil Procedure, testimony was taken in the proceeding on June 23, 1883, more than five months after the date of the summons issued in the proceeding. At the taking of testimony the defendant offered to prove, by witnesses then present, the value of the land proposed to be condemned at that time. To this offer plaintiff's counsel objected, on the ground that the date of the summons was the date at which the value must be estimated. The court sustained the objection, and, on submitting the case to the jury, at plaintiff's request instructed the jury as follows:

"The jury are instructed that the actual market value of the property sought to be condemned on the day of issuing the summons (which in this case was the fourth day of January, 1883) is the amount of compensation to be assessed for the property to be taken, irrespective of prospective or speculative value." The rulings of the court were doubtless based upon section 1249, Code of Civil Procedure. That section declares that, "for the purpose of assessing compensation and damages, the right thereto shall be deemed to have accrued at the date of the summons, and its actual value at that date shall be the measure of compensation for all property to be actually taken, and the basis of damages to property not actually taken but injuriously affected," etc. But by the constitution of 1879 it is provided that "private property shall not be taken . . . . for public use without just compensation having been first made to, or paid into court for, the owner; and no right of way shall be appropriated to the use of any corporation, other than municipal, until full compensation be first made in money, or ascertained and paid into court for the owner": Const., sec. 14, art. 1.

Ascertainment of compensation for land proposed to be taken for public use, or "appropriated for a right of way," is therefore the constitutional rule. The assessment of such compensation is concomitant with the right to take, and payment of the sum assessed, with the actual taking or appropriation. Upon assessment being made according to law, the right to take may be exercised. Then the obligation to pay arises, and must be performed within thirty days after the date of the assessment, else the proceeding is annullable (Code Civ. Proc., sec. 1252), and upon payment the property of the owner passes to the public use. One of the principal objects of condemnatory proceedings is the ascertainment and assessment of such compensation; and the chief element in the compensation is the value of the land required by the public necessity. Upon proof of that necessity, the value, according to the constitutional requirement, must be ascertained at the time of making the assessment, for up to the moment of making the assessment the land, or its equivalent value, belongs to the owner; and it is not subject to be taken for public use until the compensation has been first made; the owner is therefore entitled to receive its market value at

that time. "The fact to be ascertained," said the late supreme court, in S. & C. R. Co. v. Galgiani, 49 Cal. 139, "is the value of the land at the time of the taking." And Mr. Justice Sanderson says, in Fox v. W. P. R. Co., 31 Cal. 556: "It cannot be said in any legal sense that the land has been taken until the act has transpired which devests the title or subjects the land to the servitude. So long as the title remains in the individual or the land remains unchanged by the servitude there can have been no taking." "It is a mistake to suppose," says Mr. Justice Baldwin, in Bensley v. Mountain Lake Water Co., 13 Cal. 317, "that any title comes from mere appropriation of another's property or from the taking of the legal proceeding to condemn it. The constitution is express. Private property shall not be taken for public use without compensation. The compensation precedes the title. The compensation must be adequate. But adequate, when? Of course, when the property is so taken": See, also, S. F. & S. J. R. Co. v. Mahoney, 29 Cal. 112, and C. P. R. Co. v. Pearson, No. 2654, not reported. The court below erred in excluding the evidence as to the value of the land at the time of the trial.

Judgment and order reversed and cause remanded for further proceedings.

We concur: McKinstry, J.; Ross, J.