(May 30, 1898.)

## STATE v. EVES.

[53 Pac. 543.]

USURY—RECOVERY OF PENALTY—DUTY OF COURT—APPEAL.—When it is ascertained by the court that an action has been brought on a contract which provides for illegal interest under the provisions of section 1266 of the Revised Statutes, it is the duty of the court to render judgment as directed by said section, and if it fails to do so, the proper procedure on behalf of the state is to move within six months after the adjournment of the term at which such judgment was renderd for the modification of the erroneous judgment, and in case such motion is denied, an appeal lies to this court.

SAME—STATE PARTY AGGRIEVED.—In this case the state was a "party aggrieved," and was entitled to an appeal under the provisions of section 4802 of the Revised Statutes.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

Clay McNamee, for Appellant.

A judgment absolutely void on its face may be attacked anywhere directly or collaterally, either by parties or strangers. (*Joyce v. McAvoy,* 31 Cal. 274, 89 Am. Dec. 172, and note; *Forbes v. Hyde,* 31 Cal. 342.) A judgment void on its face is one that appears to be void by inspection of the judgment-roll, and it is only such judgment that can be attacked either directly or collaterally, without reference to the lapse of time. (*People v. Harrison,* 84 Cal. 607, 24 Pac. 311; *Norton v. Atchison etc. R. Co.,* 97 Cal. 388, 33 Am. St. Rep. 198, 30 Pac. 585, 32 Pac. 452; *Jacks v. Baldz,* 97 Cal. 91, 31 Pac. 899; *Sharp v. Daugney,* 33 Cal. 505; *Ray v. Ray,* 1 Idaho, 566; *Hahn v. Kelly,* 34 Cal. 391, 94 Am. Dec. 742, and note; Idaho Rev. Stats., 1887, sec. 1266; Sess. Laws 1890-91, p. 47, sec. 3; *State v. Fitzpatrick,* 5 Idaho, 499, 51 Pac. 112; *Vermont Loan etc. Co. v. Hoffman,* 5 Idaho, 376, 49 Pac. 314.)

Forney, Smith & Moore and Cozier & Pickett, for Respondents.

The question raised by respondent in the first position taken was three times presented to the supreme court of Oregon under a statute more rigid than that of Idaho. The provision of the Oregon statute, see General Laws, page 624, section 3. (*Chapman v. State*, 5 Or. 432; *Holladay v. Holladay*, 13 Or. 523, 11 Pac. 260, 12 Pac. 821; *Sujette v. Wilson*, 13 Or. 514, 11 Pac. 267; *Johnson v. Jonchert*, 124 Ind. 105, 24 N. E. 580, 582; *McNight v. Phelps*, 37 Neb. 858, 56 N. W. 722; *Mason v. Pierce*, 142 Ill. 348, 31 N. E. 503, 504; *Osborn v. First Nat. Bank*, 175 Pa. St. 494, 34 Atl. 858; *Ohio etc. R. R. Co. v. Kasson*, 37 N. Y. 218; *Ladd v. Wiggin*, 35 N. H. 421, 69 Am. Dec. 551-558; *Tenny v. Porter*, 61 Ark. 329, 33 S. W. 211-213; *Stephens v. Muir*, 8 Ind. 352, 65 Am. Dec. 764; *Fessenden v. Taft*, 65 N. H. 39, 17 Atl. 713; *Woolfolk v. Bird*, 22 Minn. 341; *Anderson v. Scandia Bank at Minneapolis*, 53 Minn. 191, 54 N. W. 1062; *New England Mtg. Co. v. Aughe*, 12 Neb. 504, 11 N. W. 723; *Hollingsworth v. Swickard*, 10 Iowa, 385; *Carmichael v. Bidfish*, 32 Iowa, 418; *Frost v. Shaw*, 10 Iowa, 491; *Powell v. Hunt*, 11 Iowa, 432; *Perry v. Kearns*, 13 Iowa, 134.) The great weight of authority conclusively shows that the policy of the legislature in adopting statutes of usury was the protection of borrowers against the oppressive exaction of lenders, and it does not tend to the promotion of that policy that other persons than the victims of usury or persons standing in legal privity with them should have the benefit of such statutes, and therefore it has been the general current of decisions that the plea of usury is a defense personal to the borrower, and a stranger cannot avail himself of it. (*Bensley v. Homier*, 42 Wis. 631; *Ready v. Huebner*, 46 Wis. 692, 32 Am. Rep. 749; *Dolman v. Cook*, 14 N. J. Eq. 56; *Ohio etc. R. Co. v. Kasson*, 37 N. Y. 218; *Bulward v. Yaynor*, 30 N. Y. 197; *Mechanics' Bank v. Edwards*, 1 Barb. 271; *Farmers' etc. Bank v. Kimmel*, 1 Mich. 84; *Campbell v. Johnson*, 4 Dana, 178; *Green v. Kemp*, 13 Mass. 515, 7 Am. Dec. 169; *Huston v. Stringham*, 21 Iowa, 36; *Wright v. Bundy*, 11 Ind. 398; *Stephens v. Muir*, 8 Ind. 352, 65 Am. Dec. 764, and note; *Reading v. Weston*, 7 Conn. 143, 18 Am. Dec. 89; *Fenno v. Sayre*, 3 Ala. (N. S.) 458; *Loomis v. Eaton*, 32 Conn. 550.)

SULLIVAN, C. J.—This action was brought to vacate and set aside a certain judgment and decree of foreclosure and all proceedings thereunder in the suit of Robert Balfour, R. B. Foreman and Alexander Guthrie, plaintiffs, against Thomas Eves and Ellen Eves, his wife, J. L. Hallett & Sons, and F. N. Hallett, defendants, which action was brought to foreclose a mortgage on real estate belonging to the defendants Thomas and Ellen Eves. The judgment and decree of foreclosure were made and entered on the twenty-eighth day of June, 1894, and the sale thereunder was made September 4, 1895. The appellant demands, in addition to the setting aside of said judgment and all proceedings thereunder, judgment against said Thomas and Ellen Eves for the sum of $1,950 as a forfeit due the appellant under the provisions of section 1266 of the Revised Statutes, because of the usurious terms and conditions of the promissory notes sued on in said foreclosure suit. The respondents Balfour, Foreman and Guthrie appeared, and demurred to the complaint on three grounds, to wit: "1. That the said complaint does not state facts sufficient to constitute a cause of action; 2. That the court has no jurisdiction of the persons of the defendants or of the subject matter of the action; 3. That the plaintiff herein has no legal capacity to sue, in this: that there is no statute or legislative enactment of Idaho authorizing the state to institute such suit. Wherefore defendants demand judgment on demurrer. Forney, Smith & Moore, Attorneys for Demurring Defendants. Filed November 13, 1897." The demurrer was sustained, and judgment of dismissal entered in favor of the demurring defendants. This appeal is from the judgment.

The order sustaining the demurrer is assigned as error. The penalty for usurious contracts, and the remedy are set forth in section 1266 of the Revised Statutes, which is as follows: "If it is ascertained in any suit brought on any contract that a rate of interest has been contracted for greater than is authorized by this chapter, either directly or indirectly, in money or in property, such contract works a forfeiture of ten cents on the hundred by the year, and at that rate, upon the amount of such contract, to the school fund of the county in which the suit is

brought, and the plaintiff must have judgment for the principal sum less all payments of principal or interest theretofore made and without interest or cost. The court must render judgment in said action for ten per cent per annum upon the entire principal of said contract, against the defendant in favor of the territory for the use of the school fund of the county, whether the unlawful interest is contested or not; and in no case where unlawful interest is contracted for must the plaintiff have judgment for more than the principal sum less the payments already made, whether the unlawful interest be incorporated with the principal sum or not. But no indorsee in due course of negotiable paper is affected by any usury exacted by any former holder of such paper unless he have actual notice of the usury previous to his purchase; but in such case the judgment above provided in favor of the school fund must be entered against the drawer or maker, if a party to the action, and he may recover back the usury paid from the party who received the same." Said section provides, among other things, that the court must render judgment in such action for ten per cent per annum upon the entire principal of the contract against the defendant in favor of the state for the use of the school fund of the county in which the suit is brought, whether the unlawful interest is contested or not. The state is not authorized to maintain a separate suit for the recovery of the penalty prescribed by said section. In the case at bar it appears that the judgment and decree attacked were made and entered on the twenty-eighth day of June, 1894, and this suit was brought on the twenty-fourth day of August, 1897. Nearly three years had elapsed from the rendition of said judgment before this action was brought to set it aside. We think that the action was not brought in time, conceding that the state was authorized to bring said suit. But we are of the opinion that the state was not authorized to bring said suit. When a court fails, in cases that fall within the provisions of said section 1266, to enter judgment as therein directed, we think the correct practice is for the state on behalf of the county to make a proper showing upon notice to all parties to the record, and move to have such judgment modified so as to make it conform

to the provisions of said section 1266; and, if the court denies such motion, to appeal from the order denying the same. Such application should be made within six months after the adjournment of the term at which the judgment was entered, as provided by section 4229 of the Revised Statutes. Section 4802 of the Revised Statutes provides that any party aggrieved may appeal in the cases prescribed in the code; and, when it is made to appear, as provided by said section 1266, that a suit is brought on a usurious contract, it then becomes the duty of the court to render a judgment as therein directed. If the court refuses to do so, the state, on behalf of the county in which the suit is brought, is an aggrieved party, and is entitled to an appeal, the same as any party to the suit. But we think the better practice is to make the proper motion to correct or modify the erroneous judgment, and, in case such motion be denied, appeal from the order denying the same. This method of procedure calls the matter directly to the attention of the court, and would, no doubt, in many cases prevent the costs and delay of an appeal. Section 4802 of the Revised Statutes is the same as section 938 of the Code of Civil Procedure of California, and under that section the supreme court of that state have held in *Adams v. Woods,* 8 Cal. 306, that a party aggrieved by a judgment has the right of appeal although he is not a party to the record; and it is laid down as a general rule that no one who is not a party or privy to a judgment or prejudiced thereby has the right of appeal. The test as to whether a party is aggrieved or not is: "Would the party have had the thing if the erroneous judgment had not been entered? If the answer be yea, he is a party aggrieved." In the case at bar, had not an erroneous judgment been entered, judgment in favor of the state would have been entered for the amount of the penalty provided. (See *People v. Pfeiffer,* 59 Cal. 89.) The court made no error in sustaining the demurrer. The judgment of the court below is affirmed, and costs of this appeal awarded to the respondents.

Huston and Quarles, JJ., concur.