(December 30, 1903.)

## WASHINGTON COUNTY ABSTRACT COMPANY v. STEWART, JUDGE.

### [74 Pac. 955.]

WRIT OF REVIEW—PARTY TO ACTION.

    1. To entitle one to a writ of review he must have been a party to the suit or matter in controversy.

(Syllabus by the court.)

ORIGINAL application for writ of review denied.

The facts are stated in the opinion.

Lot L. Feltham, for Plaintiff, upon a petition for a rehearing, cites the following authorities:

1. That the judgment of the district court complained of by plaintiff is void for want of jurisdiction over the person of the plaintiff. "The court cannot act upon persons who are not legally before it, upon one who is not a party to the suit, upon a plaintiff who has not invoked its arbitrament, or upon a defendant who has *never been notified,* upon a subject which does not fall within the province as defined or limited by law. Neither can it go beyond the issues and pass upon a matter

which the parties neither submitted nor intended to submit for its determination." (1 Black on Judgment, 1891 ed., p. 261, sec. 215, p. 262, sec. 216, p. 267, secs. 219, 220, p. 328, sec. 270, also p. 347, sec. 278, and cases cited in notes 186-189; *Ford v. Doyle,* 37 Cal. 346; *McCoy v. Allen,* 16 W. Va. 731; *Shinn v. Board of Education,* 39 W. Va. 506, 20 S. E. 604; Freeman on Void Judicial Sales, pp. 8-12, secs. 3, 5.) All who are neither parties to a judgment nor privies to such parties are not bound by such judgment. (*Stocker v. Kirtley,* 6 Idaho, 795, 892; *Horner v. Doe,* 1 Smith (Ind.), 10; *Frankel v. Satterfield,* 9 Houst. (Del.) 201, 19 Atl. 898.) "A judgment is absolutely void if it appear that there was a want of jurisdiction in the court rendering it either of the subject matter or of the person of the defendant. . . . . It may be collaterally attacked upon the ground that the court by which it was rendered had no jurisdiction, either of the subject matter or of the person of the defendant, or both." (*Hahn v. Kelly,* 34 Cal. 391, 94 Am. Dec. 742.) *Certiorari* is the proper and legal means of reviewing and canceling a void judgment. (*Orr v. State Board of Equalization,* 3 Idaho, 190, 28 Pac. 416; Harris on Certiorari, pp. 37, 44, 45, secs. 44, 49, note 2, citing authorities; *Keys v. Marion County,* 42 Cal. 252; *Central Pac. R. Co. v. Placer County,* 46 Cal. 670; *People v. San Francisco F. D. Delegates,* 14 Cal. 479; *People v. Dwinelle,* 29 Cal. 632; *People v. Burney,* 29 Cal. 459; *Winter v. Fitzpatrick,* 35 Cal. 269; *Morley v. Elkins,* 37 Cal. 454; *People v. Elkins,* 40 Cal. 642.) "It is proper to reverse a void judgment by *certiorari.*" (*Matter of Bracket,* 27 Hun (N. Y.), 605; 4 Ency. of Pl. & Pr., p. 49, note 2; *People ex rel. Whitney v. Board of Delegates etc.,* 14 Cal. 479; *Lowe v. Alexander,* 15 Cal. 301; *Henshaw v. Board of Supervisors of Butte Co.,* 19 Cal. 150; *Morley v. Elkins,* 37 Cal. 454; *Central Pac. R. R. Co. v. Placer Co.,* 46 Cal. 670; *In re Stuttmeister,* 71 Cal. 322, 12 Pac. 271; *Schwartz v. Superior Court,* 111 Cal. 106, 43 Pac. 580; *City of Los Angeles v. Young,* 118 Cal. 295, 62 Am. St. Rep. 234, 50 Pac. 535; *Madison v. Piper,* 6 Idaho, 137, 53 Pac. 395; *Adleman v. Pierce,* 6 Idaho, 294, 55 Pac. 658; *Nuckolds v. Lyle,* 8 Idaho, 589, 70 Pac. 401;

*Sweeny et al. v. Mayhew*, 6 Idaho, 455, 56 Pac. 85; *Ah Fong v. McCalla et al.*, 7 Idaho, 20, 59 Pac. 930; *McNamee v. Steele*, 8 Idaho, 539, 69 Pac. 319; *Goode v. Steele*, 8 Idaho, 538, 69 Pac. 319.) There is no other plain, speedy and adequate remedy by appeal, writ of error, or *mandamus*. (*Ganz v. Steele*, 7 Idaho, 143, 61 Pac. 287; *Porter v. Steele*, 7 Idaho, 414, 63 Pac. 187; *Rust et al. v. Stewart*, 7 Idaho, 558, 64 Pac. 223; *Nordyke & Marmon Co. v. McConkey*, 7 Idaho, 562, 64 Pac. 893.) Injunction is not a plain, speedy and adequate remedy, and does not lie to restrain a void judgment. (*California P. R. Co. v. Central Pac. R. Co.*, 47 Cal. 528; *Sanchez v. Carriaga*, 31 Cal. 170; *State v. Napton*, 24 Mont. 450, 62 Pac. 686; 21 Ency. of Pl. & Pr. 451, 452, and notes; *Lewis v. Bishop et al.*, 19 Wash. 312, 53 Pac. 166.)

George P. Rhea, for Defendant, files no brief.

SULLIVAN, C. J.—This is an original application for a writ of review to the judge of the district court of the third judicial district of the state of Idaho, in and for Washington county. The facts of the case are substantially as follows: The said abstract company is a corporation doing a general abstract business in the said county of Washington; that in the year 1903, the assessor and tax collector of said county assessed, for general taxation purposes, the abstract-books belonging to said company at the valuation of $1,000; that thereafter and on or about the eighteenth day of July, 1903, said abstract company, by its officers and stockholders, filed its application with the board of county commissioners of said county, which was then sitting as a board of equalization, to reduce and strike said assessment from the tax-roll of said county, for the reason that said abstract-books composed a private library and that as such they were exempt from taxation under the laws of this state; thereafter said board sitting as a board of equalization ordered said assessment stricken from the assessment-roll for said year, and further ordered that the capital stock of said abstract company be assessed to the individual stockholders at the sum of $1,000; thereafter, said stockholders, through the president of said cor-

poration, made application to strike the assessment of said capital stock from the assessment-roll of said county on certain grounds not necessary to state here, which application was denied by the board. Thereafter an appeal was taken from said order to the district court by the stockholders of said corporation, and upon a trial in the district court it was held that said orders of the board of county commissioners sitting as a board of equalization be set aside and held for naught, and that the original assessment of said abstract-books of said Washington County Abstract Company be reinstated as the assessment against said company.

Upon that state of facts said Washington County Abstract Company through its proper officer made the application for a writ of review. In said application and affidavit the said affiant "alleges that it [the said abstract company] was not, and is not, a party to said action in which said judgment was so rendered against it."

It is thus shown that said abstract company, at least in the opinion of the affiant, was not a party to the appeal from the order of said board. If that be true, which we concede for the purposes of this case, under the well-established rule in the *Gold Hunter Mining and Smelting Co. v. Holleman,* 3 Idaho, 99, 27 Pac. 413, the application for the writ must be denied. In that case it was held that to entitle a petitioner to a writ of review, he must be a party to the suit or controversy. In *Starkweather v. Seeley,* 45 Barb. 164, it was held that a person not a party to a summary proceeding could not sue out a writ of *certiorari* to review the proceedings. Said abstract company not having been a party to the proceedings before the district court, on the authority of said cited cases the writ must be denied, and it is so ordered. Costs are awarded to defendants.

Stockslager and Ailshie, JJ., concur.

### ON PETITION FOR REHEARING.

#### (January 12, 1904.)

AILSHIE, J.—Plaintiff has filed its petition for a rehearing in this case and accompanied the same with an extended brief

reviewing the decisions of this court and those from the courts of California on the question as to *when* the writ of *certiorari* will be issued. It is not the practice to consider petitions for rehearing in original proceedings in this court, but owing to the peculiar position taken in this case we have concluded to pass upon this application. The position taken by plaintiff in this petition seems to greatly simplify the matter presented for our consideration. The application for a writ in the first instance, as stated in the original opinion, seems to have been made upon the grounds that the plaintiff was not a party to the proceeding in the district court and the opinion of this court was announced on that theory. It is now contended that, although the plaintiff was not a party to the action or proceeding in which the judgment was entered in the trial court, nevertheless "the court, by rendering and entering judgment against it, has *made it a party to the matter in controversy.*" And in closing the brief accompanying this petition for rehearing, counsel says: "In other words, it has never been a party to said action until the district judge, without warrant or authority, arbitrarily rendered a judgment against it." Counsel seems to urge that the plaintiff has been prejudiced in its substantial rights by reason of the entry of the judgment in the lower court affecting its property rights without giving it notice or making it a party to the action or proceeding. If counsel takes the right view of the nature and effect of the judgment of which he complains, then he must be mistaken as to the law of the case when he argues that he has "no plain, speedy or adequate remedy at law." Under section 4802, Revised Statutes, it is provided that "any party aggrieved may appeal," and according to the position taken by counsel, the plaintiff has opened to it a speedy and adequate remedy by appeal, and in such case the writ here prayed for would not issue. No contention is made that the defendant judge did not have jurisdiction of the subject matter, and the only and sole point seems to be that the plaintiff was not made a party to the action in the lower court and was not brought into court by any order or process. If the court entered a judgment which deprives the plaintiff here of any of its property rights, then it must be a "party aggrieved"

within the meaning of the statute. It is not necessary for a person or corporation to be named as plaintiff or defendant or intervener in the title to an action or in the title to a judgment entered therein in order to become a *party* to the action as contemplated by section 4802, *supra.* This is not a new question in this state. In *State v. Eves,* 6 Idaho, 144, 53 Pac. 543, it was held that in a foreclosure proceeding between private parties where the trial judge neglected to enter a judgment in favor of the state on a usurious contract under the provisions of section 1266, Revised Statutes, that the state, although not named in the title of the action, nor the body of the judgment, nor in any manner, was, nevertheless, a "party aggrieved," and was entitled to appeal from such judgment. In that case Mr. Chief Justice Sullivan cited *Adams v. Woods,* 8 Cal. 306, and *People v. Pfeiffer,* 59 Cal. 89, with approval. In *Adams v. Woods,* Mr. Justice Burnett, in considering who was the "party aggrieved" within the meaning of the California statute, said: "As to the question who is the party aggrieved, the test found in the note already quoted from Saunders seems to be the most clear and simple that could be conceived. Would the party have had the thing if the erroneous judgment had not been given? If the answer be aye, then the person is the 'party aggrieved.'" This case has been cited with approval by the California court in *Estate of Boland,* 55 Cal. 312; *People v. Pfeiffer,* 59 Cal. 91; *Goldtree v. Thompson,* 83 Cal. 422, 23 Pac. 383. It has also been cited with approval in *Peavy v. Goss,* 90 Tex. 93, 37 S. W. 317, where the supreme court of Texas said that an aggrieved party is "any person having an interest recognized by law in the subject matter of the judgment which he considers injuriously affected by the action of the court."

For the foregoing reasons the petition for rehearing will be denied, and it is so ordered.

Sullivan, C. J., and Stockslager, J., concur.