(No. 6025.   December 14, 1933.)

KOOTENAI COUNTY, Appellant, v. HAROLD G. WHITE,
Respondent.

[27 Pac. (2d) 977.]

J. Ward Arney, for Appellant.

Miles F. Egbers, for Respondent.

GIVENS, J.—In response to a call therefor by the board of county commissioners of Kootenai county, Drs. Spohn, Henson and Sturges, respectively, submitted bids for the position of county physician, which were all rejected; thereafter the board by appropriate order entered into a contract with Dr. Spohn.

Harold J. White, taxpayer of the county, appealed to the district court, which set aside the order of the board on the theory that having initiated the matter of the employment of a county physician by calling for bids, it was unfair

to the other bidders and the county, to abandon competitive bidding and make the contract without regard to such bidding.

After the appeal to the district court herein and its decision, a new contract, practically identical with the original, was made between the county and Dr. Spohn; no bids in connection therewith having been called for or received, which on appeal to, was affirmed by, the district court. The appeal herein is by the county, from the judgment of the district court, reversing the order authorizing the first contract.

Respondent taxpayer moves to dismiss the appeal on the ground that it raises only a moot question: first, that because of the new contract the county is no longer interested in the old; and second, reversal of the judgment would not benefit the county, and in fact be detrimental because now relieved from any obligation to pay thereunder and the only party aggrieved is Dr. Spohn, who has not appealed.

The subject matter of the appeal from the order of the board to the district court was the right of the board to make such a contract, and not directly payment thereof. By making the new contract, which has been approved by the district court, and no appeal having been taken therein, the county commissioners are not now under any restriction, imposed by the judgment herein as to the appointment of a physician.

Payment for the period when the old contract was in existence (*Ada County v. Gess,* 4 Ida. 611, 43 Pac. 71) or recovery back if payment has been made (*Ada County v. Gess, supra; Fremont County v. Brandon,* 6 Ida. 482, 56 Pac. 264), though undetermined, are not so directly involved in the subject matter of the appeal to, and judgment by, the district court, as to require in this proceeding a determination thereof.

If the judgment were reversed, the county nevertheless now has a county physician, and if the judgment were affirmed, the same man who was employed under the first contract is now county physician, and under the same

terms thereof, therefore, the county would not be affected, hence is not, at the present time, aggrieved by the judgment of the district court, consequently the present appeal presents a moot question. (*Detweiler Mercantile Co. v. Babcock*, 44 Ida. 777, 260 Pac. 162.)

" 'It thus appears that the parties to the litigation have no rights which can be affected by a reversal of the order, and that the correctness of the order has become merely an abstract question. . . . . ' *Foster v. Smith*, 115 Cal. 612, 47 Pac. 591; *Weaver v. Reddy*, 135 Cal. 430, 67 Pac. 683; . . . . For the foregoing reasons the appeal is dismissed." (*Mendocino County v. Peters*, 2 Cal. App. 34, 82 Pac. 1124.)

Appellant nevertheless urges that the county, though not aggrieved, has the right of appeal under section 30–1111, I. C. A., and it may be argued that section 30–1111, I. C. A., was intended to give any party concerned in an appeal from an order of a board of county commissioners to the district court, including the county, the right to appeal to the supreme court, from the district court judgment, without the restrictions imposed by section 11–103, I. C. A.

An examination of the authorities, however, reveals that without a statute such as section 30–1111, I. C. A., no appeal would lie. (*General Custer Min. Co. v. Van Camp*, 2 Ida. 40, 3 Pac. 22; *Spicer v. Benefit Assn. of Ry. Employees*, 142 Or. 574, 17 Pac. (2d) 1107, 21 Pac. (2d) 187.)

"The remedy of an appeal to some specified subordinate court may be provided for by the statute, but such a remedy is a matter of grace and not of right, and does not confer the privilege of having the judgment of the reviewing court again upon appeal taken to a court of last resort. (Citing cases.)" (*In re Sutter-Butte Assessment No. 6*, 191 Cal. 650, 218 Pac. 27, 32.)

Thus section 30–1111, I. C. A., gives the right of appeal but was not designed to be construed separate and apart from section 11–103, I. C. A. (*Foresman v. Board of Commrs.*, 11 Ida. 11, 80 Pac. 1131; *Melquist v. Board of Commissioners*, 45 Ida. 296, 261 Pac. 774.) In other words, construing the two sections together, the party appealing

must be aggrieved. (*Fulkerson v. Commissioners of Harper County*, 31 Kan. 135, 1 Pac. 261; *Morath v. Gorham et al.*, 11 Wash. 577, 40 Pac. 129.)

Since by the above analysis it is evident that the county is not aggrieved at the present time by the judgment of the district court, this appeal should be and is dismissed.

Costs awarded to respondent.

Budge, C. J., and Morgan and Holden, JJ., concur.