331 P.2d 278

In the Matter of the Application for the Incorporation of FERNAN LAKE VILLAGE.

No. 8675.

Supreme Court of Idaho.

Oct. 30, 1958.

J. Ward Arney, Coeur d'Alene, for respondent, Fernan Lake Village.

James W. Ingalls, Coeur d'Alene, for respondent, Bd. of County Com'rs. of Kootenai County.

———◆———

W. B. McFarland, Coeur d'Alene, for appellant.

TAYLOR, Justice.

A petition was filed with the board of county commissioners of Kootenai county for the incorporation of Fernan Lake Village, pursuant to I.C. § 50–701. The appellant, city of Coeur d'Alene, filed a protest objecting to the incorporation of the proposed village on the grounds that the territory proposed to be incorporated has never in fact constituted a village; that the proposed village contains fewer than 125 persons actually residing therein; that there is no necessity or reason for the incorporation of the village; that the boundaries of the proposed village are irregular, bizarre and fantastic; that Thies Addition constitutes the greater portion of the proposed village and that the remainder thereof, consisting of a gooseneck or narrow strip of land not more than 20 or 25 feet wide and here and there embracing a structure or property not a part of the village in fact, is included for the sole purpose of providing the minimum number of actual residents required; that the western boundary of the proposed village abuts the eastern boundary of the city of Coeur d'Alene on the opposite side of U. S. highway No. 10; that the creation of the proposed village will materially hamper the ordinary growth of the city; that a precedent will be established for the incorporation of other adjacent additions, and thus wholly strangle the natural growth of the city.

After notice and hearing, the board made and entered its order incorporating the village as proposed. The city of Coeur a'Alene appealed, from that order, to the district court. The village and the county moved to dismiss the appeal on the ground that the city is neither a "person aggrieved" by the order, nor a "taxpayer of the county" and, therefore, is not authorized to appeal under the provisions of I.C. § 31–1509. The district court granted the motions and dismissed the appeal. From that judgment the city brought this appeal.

So far as applicable, the statute authorizing appeals from orders of the board of county commissioners, is as follows:

"Any time within twenty days after the first publication or posting of the statement, as required by section 31–819, an appeal may be taken from any act, order or proceeding of the board, by any person aggrieved thereby, or by any taxpayer of the county when any demand is allowed against the county or when he deems any such act, order or proceeding illegal or prejudicial to the public interests; * * *." I.C. § 31–1509.

The city concedes that it is not a "taxpayer of the county", but contends that it is a "person aggrieved" and as such is entitled to appeal from the order of the board.

The city is a "person" within the meaning of the above statute. I.C. § 73–114. The sole question presented is whether or not the city is aggrieved by the order incorporating the village.

"Broadly speaking, a party or person is aggrieved by a decision when, and only when, it operates directly and injuriously upon his personal, pecuniary, or property rights.

\* \* \* \* \* \*

"The mere fact that a person may be hurt in his feelings, or be disappointed over a certain result, or be subjected to inconvenience, annoyance or discomfort, or even expense, does not constitute him a party 'aggrieved,' since he must be aggrieved in a legal sense. To render a party aggrieved by an order, so as to entitle him to appeal therefrom, the right invaded must be immediate, not merely some possible, remote consequence, or mere possibility arising from some unknown and future contingency; although it has been held that an immediate pecuniary damage is not always prerequisite to the right of appeal." 4 C.J.S. Appeal and Error § 183 b, pp. 559 and 561.

Cf. Ballentine's Law Dictionary; Black's Law Dictionary; 2 Am.Jur., Appeal & Error, § 152.

"The test as to whether a party is aggrieved or not is: 'Would the party have had the thing if the erroneous judgment had not been entered? If the answer be yea, he is a party aggrieved.' " State v. Eves, 6 Idaho 144, at page 148, 53 P. 543, at page 544.

Washington County Abstract Co. v. Stewart, 9 Idaho 376, 74 P. 955; Oatman v. Hampton, 43 Idaho 675, 256 P. 529; Kootenai County v. White, 53 Idaho 804, 27 P.2d 977; In re Blades, 59 Idaho 682, 86 P.2d 737; Dowd v. Estate of Dowd, 62 Idaho 157, 108 P.2d 287.

We do not discern how the city would be aggrieved by the fact, if it were a fact, that the territory embraced within the proposed village did not have the required number of inhabitants, or that its boundaries were irregular and bizarre.

The objection that the incorporation of the village would hamper the future growth of the city is speculative and based upon future possibilities. There is no showing of pending or contemplated annexation proceedings.

The city's position is correctly stated in respondents' brief:

"The City does not claim any present property or pecuniary rights or interests have been affected by the order. If its interests have been affected by the order of the Board of County Commissioners, it is only a possible or remote consequence of the action."

It follows that the city is not a "person aggrieved" and is not authorized to appeal from the order of the board of commissioners, and that the district court did not err in dismissing its appeal. Cf. State ex rel. Simeon v. Superior Court, 20 Wash.2d 88, 145 P.2d 1017; Hartford Nat. Bank & Trust Co. v. Malcolm-Smith, 129 Conn. 67, 26 A.2d 234, 140 A.L.R. 805; Bostian v. Milens, 239 Mo.App. 555, 193 S.W.2d 797, 170 A.L.R. 424.

Judgment affirmed. Costs to respondents.

KEETON, C. J., and PORTER, SMITH and McQUADE, JJ., concur.