17 P.3d 236

Willard OSMUNSON, as a Bonner County School District # 82 "Patron"; and individually; and as guardian ad litem on behalf of his two children, Evie Osmunson and Kristy Osmunson, Plaintiffs–Respondents,

v.

STATE of Idaho, Defendant–Appellant,

and

Bonner County School District # 82, a municipal corporation, Defendant.

No. 24918.

Supreme Court of Idaho,
Coeur d'Alene, April 2000 Term.

Oct. 31, 2000.

Rehearing Denied Dec. 28, 2000.

Hon. Alan G. Lance, Attorney General; Boise, for appellant. Michael S. Gilmore, Deputy Attorney General argued.

Huntley & Olson, Boise, for respondents. Robert C. Huntley, Jr., argued.

WALTERS, Justice.

This is a permissive appeal from the district court's interlocutory ruling that several provisions of the Constitutionally Based Education Claims Act, I.C. § 6–2201 *et seq.* (CBECA) are unconstitutional and that the CBECA's severability clause cannot save it from being struck down in its entirety. This Court upholds the constitutionality of the CBECA and, accordingly, we reverse the district court's ruling and remand the case for further proceedings.

## BACKGROUND AND PRIOR PROCEEDINGS

The CBECA was enacted in 1996 to provide procedures for adjudicating claims that public schools do not provide the educational services required under Idaho Constitution Article IX, § 1 (the Education Article). The CBECA delegates to the local school districts the primary responsibility for

fulfilling the legislature's duty to provide constitutionally required educational services. Consistent with this delegation, the CBECA prescribes procedures that are geared toward finding local solutions to claims that may arise under the Education Article.

■ Only local school districts may be sued, initially, under the CBECA. The state, the legislature, and any of the state's agencies may be sued or added as defendants only if the district court determines that the local school district cannot provide the constitutionally required educational services with the school district's available resources. The Act further provides that only patrons of the school district and the state, as *parens patriae*, have standing to bring an action to furnish constitutionally required education services. School districts are declared to be agents of the state for the purpose of providing a general uniform and thorough system of public, free common schools. As the state's agents, school districts have no standing to sue the state, the legislature, or state agencies regarding matters governed by the CBECA. I.C. § 6–2205.

In January 1997, Willard Osmunson filed suit on behalf of himself and his children against Bonner County School District # 82 and the State of Idaho. Osmunson challenged the constitutionality of the procedures prescribed by the CBECA and also alleged that the School District was under-funded in violation of the CBECA and the Education Article.

Before reaching the merits of Osmunson's under-funding claims, the district judge ruled in favor of Osmunson's constitutional challenge to the CBECA. The court held: (1) the procedures mandated by the CBECA place significant barriers to a patron's right to bring an action against the state to enforce the Education Article in violation of the right of access to the courts found in Article I, § 18; (2) Osmunson had standing to challenge the CBECA's restriction on suits by school districts because the prohibition impacts patrons by preventing school districts from fulfilling their obligation to "provide a thorough education for their pupils;" (3) the CBECA violates constitutional separation of powers; and (4) the unconstitutional provisions of the CBECA are indispensable to its meaningful operation and the CBECA must be struck down entirely despite its severability clause.

The district court has yet to reach the merits of Osmunson's under-funding claim. The district judge granted the state's motion to Certify Issues for Appeal by Permission, and this Court subsequently granted the state's petition for authority to file an appeal by permission. Pursuant to that order, the state has appealed from the interlocutory determination rendered in the district court.

## ISSUES ON APPEAL

Does the CBECA's requirement that a patron first bring an action against the school district, before suing the State under the Education Article, violate the open court or speedy-remedy provisions of Article I, § 18 of the Idaho Constitution?

Do patrons have standing to challenge or a constitutional right to challenge CBECA's prohibition against school districts suing the state under the Education Article?

Do the CBECA's procedures violate the separation of powers doctrine by encroaching upon the judicial power?

If any provision of the CBECA is unconstitutional, is CBECA severable so that its constitutional provisions may survive?

## STANDARD OF REVIEW

■ The issues on appeal in this case are questions of statutory or constitutional construction or interpretation, all of which are issues of law over which this Court exercises free review. *Meisner v. Potlatch Corp.*, 131 Idaho 258, 260, 954 P.2d 676, 678 (1998). When a constitutional challenge is made, every presumption is in favor of the constitutionality of the statute, and the burden of establishing the unconstitutionality of a statutory provision rests upon the challenger. *State v. Nelson*, 119 Idaho 444, 447, 807 P.2d 1282, 1285 (Ct.App.1991).

## ANALYSIS

### I.

### Article I, § 18

▉ Idaho Constitution Article I, § 18 provides:

**Justice to be freely and speedily administered.**—Courts of justice shall be open to every person, and a speedy remedy afforded for every injury of person, property or character, and right and justice shall be administered without sale, denial, delay, or prejudice.

Section 18 does not create any new rights or remedies; its purpose is to secure existing right and remedies. *Moon v. Bullock*, 65 Idaho 594, 151 P.2d 765 (1944). The legislature can abolish common law causes of action entirely or impose statutes of limitation without violating Article I, Section 18. *Hawley v. Green*, 117 Idaho 498, 788 P.2d 1321 (1990). Idaho case law under Article I, § 18 upholds statutes altogether prohibiting suit and remedy. *See Haeg v. City of Pocatello*, 98 Idaho 315, 317, 563 P.2d 39, 41 (1977) (upholding restriction under the Idaho Tort Claims Act prohibiting certain actions against a city that otherwise could be brought against private parties); *Cummings v. J.R. Simplot Co.*, 95 Idaho 465, 468, 511 P.2d 282, 285 (1973) (upholding worker's compensation statute of limitation on long-delayed disabilities); *Olsen v. J.A. Freeman Co.*, 117 Idaho 706, 717–719, 791 P.2d 1285, 1296, 1298 (1990) (upholding products liability statute containing a rebuttable presumption that a product's useful life expires ten years after delivery of the product).

In this case, the district court found a violation of Article I, § 18 because the court determined that although the legislature can restrict or even eliminate common law causes of action, the legislature was without the power to significantly limit or eliminate causes of action based on constitutional claims. *See, Olsen v. J.A. Freeman Co., supra.* The court found that the CBECA impermissibly erects barriers to actions based upon the Education Article. The court particularly focused on the provision that a patron must sue the school district first and the state cannot be joined as a party to the litigation unless the plaintiff can prove that (1) the school district is offering services that are not constitutionally required, *i.e.,* diverting its resources from offering constitutionally required educational services, and (2) the school is not providing constitutionally required services in an efficient manner. The court determined that these provisions "by themselves create a substantial impediment to a patron that wishes to bring suit against the state under the education clause of the Constitution." The court also noted that a lengthy evidentiary hearing would be required to make the requisite findings, and once the state is joined as a party, the state can challenge the court's findings and the appropriateness of joining it as a party. This could involve yet another lengthy evidentiary hearing. Thus, the district judge found that the CBECA creates significant and impermissible barriers upon the right of access to courts under Article I, § 18.

We hold that the CBECA does not violate Article I, § 18. The plaintiffs have not shown that the CBECA denies them their right to a speedy remedy. Although the CBECA does not allow patrons of a school district to immediately pursue an action against the legislature for increased funding, it does not necessarily follow that the CBECA denies or impermissibly limits a patron's right to seek redress for violations of the legislature's duty to provide constitutionally required educational services. The ultimate remedy to which the plaintiffs are entitled under the Education Article is the provision of constitutionally required educational services. *Idaho Schools for Equal Educational Opportunity v. Evans,* 123 Idaho 573, 850 P.2d 724 (1993) *(ISEEO I )*. The CBECA does not impermissibly limit the patrons' rights to pursue that remedy.

The CBECA declares that creating local school districts and authorizing the districts to raise and spend money for public education is designed to provide the educational system required by Article IX, § 1 of the state constitution. I.C. § 6–2203. Consistent with this declaration, the CBECA's procedures are initially focused upon the local school districts. Under the CBECA, if the district court finds that the school district is

not providing constitutionally required educational services, the court must also determine whether the school district is providing services that are not constitutionally required or is providing constitutionally required services inefficiently. I.C. § 6–2208(1). If the court finds that the school district is not efficiently using its resources to furnish required services and that those services could be provided with available resources if the school district were more efficient, the CBECA authorizes several alternative remedies, including injunctive relief. I.C. §§ 6–2208(2), –2209. If the court determines that the available resources are insufficient to provide constitutionally required services, the court must also determine whether the school district is properly using its taxing authority. I.C. § 6–2208(3). The court may order the school district to utilize its authority to tax to the maximum extent available without submitting the question to the patrons for an election. If after exhausting these measures, the court finds that the school district is still unable to provide required services then the court must authorize the addition of the state or the legislature, or both, as defendants in the action.

The district judge in this case focused upon the findings required before the state or the legislature may be added as a defendant under the CBECA. The court determined that the prerequisites to adding the state as a defendant would require lengthy hearings and be difficult to prove. The court concluded that these required determinations "virtually deprive patrons of the right of access to the courts which is guaranteed by Article I, § 18" and constitute a "substantial impediment to a patron that wishes to bring suit against the state under the education clause of the Constitution." The district judge's analysis, however, ignores the fact that a patron's rights under the Education Article may be fully addressed within the remedies authorized by the CBECA against the local school district. The CBECA also authorizes the addition of the legislature as a defendant if the provided remedies prove insufficient.

The court below also focused on the difficult nature of the initial findings required under the CBECA. However, the difficulty inherent in the determinations required under the CBECA is not a function of the CBECA itself. The difficulty stems from the nature and complexity of the allegations for which the CBECA attempts to provide an adjudicatory framework. In order to establish a prima facie case that the legislature has not met its duties under the Education Article, a plaintiff must be able to show that the educational system established by the legislature is insufficient to provide the required educational services. *ISEEO I, supra*. The legislature has chosen to fulfill its constitutional obligation by the establishment of local school districts to provide educational services and by granting the school districts the authority to raise and spend money for that purpose. We hold that it is not unreasonable for the legislature to also declare that allegations that the required educational services are not being furnished should first be addressed to the local school districts which have been given the responsibility and authority to provide those services.

Of course, the ultimate responsibility for fulfilling the legislature's constitutional duty cannot be delegated. If the plaintiffs show under the CBECA that the local school district cannot provide constitutionally required educational services with the resources provided by the legislature, including the authority to tax, they will have established a prima facie case that the system established by the legislature is inadequate. At this point, the CBECA allows the addition of the legislature to seek remedies that are not available against the local school district.

The district court also focused upon the possibility of duplicative hearings under the CBECA once the legislature has been added as a defendant. Section 6–2213 provides:

When the district has authorized the plaintiffs to add the state or the legislature as defendants in a suit brought under this chapter, if the legislature is not already party to the suit, the legislature may move to reopen the proceedings to present evidence with regard to the district court's findings that preceded the district court's authorization to sue the state and/or the

legislature, or it may stand on the record and findings before the district court.

This aspect of the CBECA is more troubling. However, this case does not raise a question under § 6–2213 because the state voluntarily intervened in this case and therefore cannot reopen the proceedings.

## II.

**Patrons do not have standing to challenge the CBECA's prohibition against school districts suing the state under the Education Article.**

■ The CBECA specifically precludes school districts from suing the state to enforce the state's duty to provide constitutionally required educational services. I.C. § 6–2205(4). The district judge held that Osmunson had standing to challenge the elimination of the school district's ability to bring an action against the state. We disagree

The district judge's decision is based upon an application of the standard found in *ISEEO I, supra.* In order to have standing, "a party must suffer a 'distinct palpable injury' and there must be a 'fairly traceable' causal connection between the claimed injury and the challenged conduct." *ISEEO I supra* at 584, 850 P.2d at 735. In this case, the district judge held that the school districts are obviously the entity that is best situated to know whether adequate funding is being received to provide constitutionally required services. The court found that the CBECA created a roadblock that prevents school districts from fulfilling their obligation to "provide a thorough education for their pupils." The court opined that the inability of the school districts to look after the best interests of the pupils directly impacts the pupils and they suffer a "palpable injury." The court also found that this injury is "fairly traceable" to the CBECA's prohibition on suits by school districts. Therefore, the district judge determined that Osmunson as a patron of the school district had standing to challenge this portion of the CBECA.

The district court's analysis essentially assumes the validity of the plaintiffs' underlying claim in this case—the insufficiency of the educational system established by the legislature. However, unless the resources available to the school district are insufficient to provide for constitutionally required educational services, the school districts are not prevented from "provid[ing] a thorough education for their pupils;" indeed, they are required to do so.

The plaintiffs in this case have no standing to assert the school district's constitutional rights, even if the school district has constitutional rights. *E.g., Enright v. Jonassen,* 129 Idaho 694, 699, 931 P.2d 1212, 1217 (1997). The plaintiffs must establish that their own constitutional rights are harmed by the CBECA prohibition of school district suits. The plaintiffs have not shown any "palpable injury" to them that is fairly traceable to the inability of the school districts to bring actions directly against the legislature. The only thing the plaintiffs have lost in this case is the possibility that the school district would join their suit as a c-plaintiff. Obviously, the school district would like to have more money. In this sense, the interests of the school district are aligned with the plaintiffs in this case. This does not mean, however, that the plaintiffs have a constitutional right to recruit the school districts as an additional plaintiff. The school district will likely have easier access to some types of information than the plaintiffs, as the district court noted. But that fact does not confer additional rights upon the plaintiffs who can obtain needed information through discovery.

Because the plaintiffs cannot show any palpable injury that is fairly traceable to the CBECA's prohibition of school district suits, the plaintiffs have no standing to challenge this aspect of the CBECA.

## III.

### Separation of powers

The district judge held that the CBECA violates the separation of powers doctrine or encroaches upon the judicial power in two different respects. First, the district court determined that the CBECA impermissibly conflicts with the procedural rules that have been promulgated by this Court. *See State v. Zimmerman,* 121 Idaho 971, 974, 829 P.2d 861, 864 (1992). The district judge found

that the procedures in the CBECA for joining the state as a defendant conflict with I.R.C.P 20(a) and I.R.C.P. 19(a)(1). The court also determined that joinder of the state would be proper in this case under either rule, yet the complex procedural process required by the CBECA interferes with that joinder. Therefore, the court found that the provisions in the CBECA exceed the legislature's proper bounds as defined by the separation of powers. We disagree.

We first note that the state voluntarily intervened in this case and therefore joinder was unnecessary. The legislature is empowered to enact procedural rules that do not conflict with the rulemaking power of this Court. *In re SRBA Case No. 39576*, 128 Idaho 246, 254–57, 912 P.2d 614, 622–25 (1995). It is not clear in this case that the CBECA conflicts with either I.R.C.P 20(a) or 19(a)(1). Since joinder was never an issue in this case, the question of whether joinder would have been proper under either rule has not been litigated. In particular, the district judge found that "[c]learly, the State would have to be joined under I.R.C.P. 19(a) in order to afford the Plaintiff complete relief." However, as we have already noted, the plaintiffs could receive complete relief in this case from the local school district. Only if relief cannot be granted solely from the resources available to the school district is joinder of the state necessary to provide any additional relief. If the plaintiffs make such a showing, joinder is allowed under the CBECA. The CBECA does not conflict with the rules of joinder in this case because joinder is not an issue. We will not speculate upon whether a conflict may appear in any future cases.

The district judge also held that the CBECA's limitations on the remedies available for transgressions of the Education Article violate the separation of powers provision in the Constitution. The court found that as the gravamen of the plaintiffs' claim is constitutional in nature, the court has the authority to grant whatever relief may be necessary in order to remedy any constitutional violations that might be revealed.

The district court's opinion neither discusses the remedies that are provided by CBECA nor what remedies are unconstitutionally foreclosed. CBECA provides remedies not known at common law or in other statutes, so it creates remedies not otherwise available to the district court. As an illustration, the district court references the limits set in I.C. §§ 6–2209(4), 6–2210 and 6–2211. These provisions are not limitations on the power of the district court; instead, those statutes *grant* the district court the authority to enter specific orders against the school district regarding the use of its resources. They are not an infringement of the judicial power, but an expansion of it. For example, Idaho Code § 6–2209(4)(d) provides that "[I]f the district court finds that any other order of mandate would assist the local school district in providing constitutionally required educational services, the district court may issue any order that it determines would assist the local school district in providing constitutionally required educational services."

We are unable to determine what remedies the district court found to be unconstitutionally foreclosed. Until a district court determines that a remedy in a CBECA lawsuit is foreclosed, the issue of separation of powers is not ripe for our review.

## CONCLUSION

Because we have rejected the plaintiffs' constitutional challenges, it is not necessary to address the question of severability. The district court's order declaring the CBECA unconstitutional is reversed, and the case is remanded to the district court for further proceedings. No costs or attorney fees on appeal are allowed.

Chief Justice TROUT and Justices SILAK, SCHROEDER and KIDWELL concur.