## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 43907

|  |  |
|---|---|
| RUSSELL JOKI, individually and as Guardian and Guardian Ad Litem of PEYTON LEE GIFFORD-JOKI, a minor of age 16 enrolled at Meridian High School; and SARAH C. HOLT, individually and as Parent and Guardian Ad Litem of SABRINA HOLT and SOPHIA HOLT, children enrolled in Chief Joseph Elementary School in Meridian, Idaho; each Plaintiff in their own behalf and in behalf of all parents, grandparents, and guardians ad litem of all school age children in grades K-12 in the Meridian Joint School District #2, | Boise, January 2017 Term<br><br>2017 Opinion No. 35<br><br>Filed: April 27, 2017<br><br>Stephen W. Kenyon, Clerk |
| Plaintiffs-Appellants, | |
| v. | |
| THE STATE OF IDAHO, THE IDAHO STATE LEGISLATURE, THE IDAHO STATE BOARD OF EDUCATION, and THE HONORABLE TOM LUNA, Superintendent of Public Instruction, | |
| Defendants-Respondents, and | |
| MERIDIAN JOINT DISTRICT #2, | |
| Defendant. | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Hon. Richard D. Greenwood, District Judge.

The district court's dismissal of the State Defendants is affirmed. Appellant's request for costs and attorney's fees is denied.

1

The Huntley Law Firm, PLLC, Boise, attorneys for appellants. Robert Huntley argued.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, attorney for respondents. Leslie Hayes argued.

———————————————

JONES, Justice

## I. NATURE OF THE CASE

This appeal arises from Russell Joki's action challenging the constitutionality of: (1) fees charged to students of Meridian Joint District #2[1]; and (2) the statewide system of funding Idaho's public schools. Russell Joki and sixteen other individuals (hereinafter collectively referred to as "Joki") initiated the suit against the State of Idaho, the Idaho State Legislature, the Idaho State Board of Education, and the Superintendent of Public Instruction (hereinafter collectively referred to as the "State Defendants"), all 114 Idaho public school districts, and one charter school. The district court granted the State Defendants' motion to dismiss. On appeal, Joki argues that the district court erred in dismissing the State Defendants.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On October 1, 2012, Joki filed the initial complaint against the State Defendants, 114 public school districts, and one charter school. Joki sought to proceed as a representative of a class consisting of all students currently enrolled in the defendant school districts, together with their parents or guardians. In the initial complaint, Joki requested reimbursement for the damages that he and other class members suffered, and continued to suffer, as a result of the unconstitutional fees charged by the defendant school districts. On October 9, 2012, Joki filed an amended class action complaint, adding a second cause of action against the State Defendants. Specifically, Joki requested a declaratory judgment that Idaho's current system of funding education is unconstitutional. Joki cited article IX, section 1 of the Idaho Constitution as the basis for his claims, which provides, in pertinent part: "[I]t shall be the duty of the legislature of Idaho, to establish and maintain a general, uniform and thorough system of public, free common schools." Idaho Const. art. IX, § 1.

On October 30, 2012, the State Defendants filed a motion to dismiss, which the district court granted on March 19, 2013. On the same day, 53 of the 114 school districts were

———————————————

[1] Now named West Ada School District.

voluntarily dismissed by Joki. On March 27, 2013, Joki submitted a motion to alter or amend the order dismissing the State Defendants. On June 27, 2013, Joki, Meridian Joint District #2, and the State Defendants stipulated that Joki may file a second amended complaint, with the provision that Meridian Joint District #2 and the State Defendants reserved the right to seek dismissal, summary judgment, and resist class certification. The district court granted Joki's motion for leave to file a second amended complaint. On July 16, 2013, Joki filed the second amended complaint, which sought: (1) reimbursement from Meridian Joint District #2 or the legislature of certain fees imposed by the school districts; and (2) a declaratory judgment against the State Defendants that the current system of funding education in Idaho is unconstitutional.

On July 17, 2013, the State Defendants filed a motion to dismiss the second amended complaint. In an accompanying memorandum, the State Defendants argued that the claims against them fell squarely within the terms of the Constitutionally Based Educational Claims Act, Idaho Code sections 6-2201–2216 (hereinafter referred to as the "CBECA"), and should be dismissed according to the provisions therein. In response, Joki argued that the CBECA did not require the dismissal of the State Defendants. Specifically, Joki asserted that according to this Court's holding in *Idaho Schools for Equal Education Opportunity v. State*, 140 Idaho 586, 97 P.3d 453 (2004) (hereinafter referred to as "*ISEEO IV*"), the CBECA was unconstitutional as applied to his second cause of action.[2]

On November 27, 2013, the district court issued a memorandum decision and order regarding the State Defendants' motion to dismiss. The district court found that the CBECA applied to Joki's claim for fee reimbursement and required the dismissal of the State Defendants. The district court reasoned that the CBECA applied to Joki's claim because, under the CBECA, a district court may issue any order that it determines would assist the local school district in administering constitutionally required educational services.[3] Further, the district court reasoned that the State Defendants could only be added as defendants after the following occurred: (1) a bench trial; (2) a finding that a school district failed to provide constitutionally required

_____

[2] Between 1993 and 2005, a series of five appeals reached this Court involving the Idaho Schools for Equal Education Opportunity (hereinafter referred to as the "ISEEO"). The series of appeals originated from an action filed by the ISEEO seeking a declaratory judgment that the level and method of funding for Idaho's public schools was unconstitutional. *ISEEO v. State*, 142 Idaho 450, 453, 129 P.3d 1199, 1202 (2005) (hereinafter referred to as "*ISEEO V*"). The series of appeals, as they relate to the case at hand, will be explained later in this opinion.

[3] The CBECA defines constitutionally required educational services as "services that must be provided under section 1, article IX, of the constitution of the state of Idaho." I.C. § 6-2202.

educational services; (3) the issuance of a corresponding remedial order; and (4) continued noncompliance by a school district. Joki did not comply with the aforementioned procedural requirements; accordingly, the district court granted the State Defendants' motion to dismiss.

Next, the district court analyzed Joki's request for a declaratory judgment that the current system of funding education in Idaho is unconstitutional. The district court acknowledged Joki's argument that in *ISEEO V* this Court found the system of funding school facilities in Idaho was unconstitutional. However, the district court held that Joki's complaint failed to state a claim to enforce *ISEEO V*. The district court emphasized that *ISEEO V* addressed the narrow issue of funding for school facilities, not the education system as a whole. Because Joki's complaint did not allege inadequate school facilities, the district court concluded that Joki failed to state a claim to enforce *ISEEO V*. Further, the district court reasoned that even if Joki were to allege facts within the purview of this Court's holding in *ISEEO V*, the CBECA would nevertheless apply and require Joki to first exhaust the remedies under the CBECA before pursuing action against the State Defendants. In sum, the district court held that the CBECA governed all of Joki's claims, as brought against the State Defendants, and required dismissal.

On June 27, 2014, the district court denied Joki's motion for class certification due to "concerns over the suitability of [Joki] as representative[] of the proposed class." Ultimately, on December 7, 2015, the district court entered judgment in favor of Joki against Meridian Joint District #2 in the amount of $85. Joki appealed the dismissal of the State Defendants.

### III. ISSUES ON APPEAL

1.    Whether the district court erred in dismissing the State Defendants.
2.    Whether Joki is entitled to attorney's fees.

### IV. STANDARD OF REVIEW

When this Court reviews an order dismissing an action pursuant to I.R.C.P. 12(b)(6), we apply the same standard of review we apply to a motion for summary judgment. After viewing all facts and inferences from the record in favor of the non-moving party, the Court will ask whether a claim for relief has been stated. The issue is not whether the plaintiff will ultimately prevail, but whether the party is entitled to offer evidence to support the claims.

In addition, this Court reviews an appeal from an order of summary judgment *de novo*, and this Court's standard of review is the same as the standard used by the trial court in ruling on a motion for summary judgment. Ergo, a district court's dismissal of a complaint under I.R.C.P. 12(b)(6) shall be reviewed *de novo*.

4

*Coalition for Agriculture's Future v. Canyon County*, 160 Idaho 142, 145, 369 P.3d 920, 923 (2016) (internal citations and quotation marks omitted).

## V. ANALYSIS

**A.      The district court did not err in dismissing the State Defendants.**

In asserting that the district court erred in dismissing the State Defendants, Joki makes two arguments. First, Joki argues that the general responsibilities of the State Defendants demonstrate that they were proper defendants. Second, Joki argues that the CBECA does not apply to his action. Specifically, Joki argues that the CBECA does not apply because: (1) the CBECA is an unconstitutional amendment to the Idaho Rules of Civil Procedure; and (2) the CBECA was designed to address allegations of a public school's failure to provide educational *services*, which he is not alleging; rather, he is alleging that the *fees* levied by the school districts are unconstitutional.

The State Defendants argue that the district court properly dismissed the claims against them because Joki failed to comply with the procedural mandates of the CBECA. That is, Joki failed to obtain authorization from the district court to add the State Defendants. In response to Joki's claim that the CBECA is either unconstitutional or does not apply, the State Defendants make three assertions: (1) in *Osmunson v. State*, 135 Idaho 292, 17 P.3d 236 (2000), this Court upheld the constitutionality of the CBECA; (2) Joki misstates this Court's holding in *ISEEO IV*, 140 Idaho 586, 97 P.3d 453 (2004); and (3) Joki's claims fall squarely within the purview of the CBECA.

Article IX, section 1 of the Idaho Constitution provides that it is the duty of the legislature "to establish and maintain a general, uniform and thorough system of public, free common schools." Idaho Const. art. IX, § 1. The CBECA provides "a mechanism for adjudicating the performance of [the aforementioned duty of the legislature] when there are allegations that public schools do not provide educational services that they are required to provide as part of a general, uniform and thorough system of public, free common schools." I.C. § 6-2202. Idaho Code section 6-2202 further provides that:

> a constitutionally based educational claim is defined as a claim that public schools are not providing educational services that they are required to provide under section 1, article IX, of the constitution of the state of Idaho, and constitutionally required educational services are defined as the educational services that must be provided under section 1, article IX, of the constitution of the state of Idaho.

*Id.* When read in conjunction with article IX, section 1 of the Idaho Constitution, it becomes clear that the "educational services" that the CBECA mandates must be free. Lastly, "It is the policy of [the CBECA] whenever possible that constitutionally based educational claims shall be settled locally through consent agreements or plans proposed by local school districts and that state intervention in local school districts be a last resort." *Id.*

The CBECA provides three distinct types of standing to sue. I.C. § 6-2205. First,

> a schoolchild, the parent or guardian of a schoolchild, or the parent or guardian of a child who will enter public school in the next two (2) years has standing to sue and may bring suit against the local school district in which the schoolchild or potential schoolchild resides on the ground that the local school district is not providing constitutionally required educational services.

*Id.* Second, the State "may bring an action against a school district on the ground that the school district is not providing constitutionally required educational services." *Id.* Third, a patron from the first section may bring a suit against the state "on the ground that the state has not established and maintained a general, uniform and thorough system of public, free common schools." *Id.* Crucially, though, the third type of standing requires that the patron first sue the local school district and obtain authorization from a district court to add a state defendant. *Id.* "Any patron suit against the state . . . not authorized by the district court pursuant to this section shall be dismissed." *Id.*

Our decision in *Osmunson*, 135 Idaho 292, 17 P.3d 236, and a series of five appeals involving the ISEEO are relevant to Joki's claim that the CBECA is an unconstitutional amendment to the Idaho Rules of Civil Procedure. In *Osmunson*, this Court addressed the constitutionality of the CBECA. Specifically, this Court addressed whether the CBECA's requirement that a patron must first sue a local school district before suing the state violated the open court or speedy-remedy provisions of article I, section 18 of the Idaho Constitution. *Id.* at 294, 17 P.3d at 238. This Court upheld the constitutionality of the CBECA, holding that "it is not unreasonable for the legislature to also declare that allegations that the required educational services are not being furnished should first be addressed to the local school districts which have been given the responsibility and authority to provide those services." *Id.* at 296, 17 P.3d at 241. *Osmunson* also reversed the district court's conclusion that the CBECA conflicted with certain procedural rules. *Id.* at 298, 17 P.3d at 242.

6

Of the five appeals involving the ISEEO, Joki specifically relies upon *ISEEO IV*, 140 Idaho 586, 97 P.3d 453 (2004).[4] In *ISEEO IV*, this Court addressed whether legislation enacted in 2003 (HB 403) was constitutional. *Id.* HB 403 amended certain parts of the CBECA. In short, HB 403 was an attempt by the legislature "to legislate itself out of [*ISEEO I–III*] by rewriting the Idaho Rules of Civil Procedure." *Id.* at 593, 97 P.3d at 460. This Court found that HB 403 was "aimed at essentially disbanding the ISEEO case and restructuring it in a manner that destroys the Plaintiffs' cause of action against the Legislature." *Id.* at 592, 97 P.3d at 459. This Court held as follows: "HB 403 . . . is unconstitutional as a special law directed at one particular lawsuit and is also violative of the separation of powers doctrine of the Idaho Constitution." *Id.* at 597, 97 P.3d at 464. Notably, *ISEEO IV* did not address whether the CBECA, as a whole, was unconstitutional; rather, the case addressed whether HB 403 was unconstitutional.

As a preliminary matter, Joki's argument relating to the general responsibilities of the State Defendants is unavailing. Joki merely recites the wide ranging responsibilities of the State Defendants, then, in a conclusory manner, asserts that the State Defendants are proper defendants. As mentioned above, the CBECA provides three distinct types of standing to sue. I.C. § 6-2205. To properly add the State Defendants, Joki was required to comply with Idaho Code section 6-2205(3). He did not. Accordingly, notwithstanding their various responsibilities, the State Defendants were properly dismissed.

Joki's second argument—that the CBECA does not apply to this action—is also unavailing. Joki makes two assertions in an attempt to support this argument: (1) the CBECA

---

4 The series of appeals originated from an action filed by the ISEEO seeking a declaratory judgment that the level and method of funding for Idaho's public schools was unconstitutional. *ISEEO V*, 142 Idaho 450, 453, 129 P.3d 1199, 1202 (2005). The ISEEO's claim was based upon article IX, section 1 of Idaho's constitution. In *ISEEO I*, this Court determined ISEEO had standing to sue and clarified that it is the judicial branch's constitutional duty to define the meaning of the Idaho Constitution and what constitutes a "thorough system of public, free schools." *Id.* (citing *ISEEO v. Evans*, 123 Idaho 573, 583, 850 P.2d 724, 734 (1993)). Thereafter, the legislature made changes to Idaho's public school system, such as increasing appropriations for the public schools and directing the State Board of Education to create new rules. *Id.* In *ISEEO II*, this Court determined that the changes made by the legislature did not render the lawsuit moot. *Id.* (citing *ISEEO v. State Bd. of Educ.*, 128 Idaho 276, 912 P.2d 644 (1996)). The case returned to this Court in 1998 and we determined that the new rules created by the State Board of Education addressing public school facilities "met the constitutional requirement of thoroughness." *Id.* (citing *ISEEO v. State*, 132 Idaho 559, 976 P.2d 913 (1998)). In 2003, the legislature enacted HB 403, which imposed restrictions on actions relating to public school funding. *Id.* at 454, 129 P.3d at 1203. The new legislation led to *ISEEO IV*, wherein this Court affirmed the district court's conclusion that HB 403 was unconstitutional. *Id.* (citing *ISEEO v. State*, 140 Idaho 586, 97 P.3d 453 (2004)). Finally, in *ISEEO V*, this Court affirmed the district court's "conclusion that the current method of funding as it relates to school facilities is unconstitutional . . . ." *Id.* at 460, 129 P.3d at 1209.

impermissibly alters the Idaho Rules of Civil Procedure by nullifying Rule 77[5], which provides for class actions; and (2) his claims are not within the purview of the CBECA. These claims are addressed in order.

First, Joki relies on *ISEEO IV* to support his claim that the CBECA is unconstitutional because it alters the Idaho Rules of Civil Procedure. Joki's argument is mentioned in passing. He does not explain which part of the CBECA alters the Idaho Rules of Civil Procedure other than claiming that "[t]he Trial Court was being asked by the Defendants/Respondents to in effect rule that CBECA nullifies Rule [77] which provides for class actions." One can only presume that Joki is attacking the CBECA's requirement that a plaintiff must first sue the local school district before including the state as a defendant. Joki's reliance on *ISEEO IV* is misplaced. *ISEEO IV* addressed the constitutionality of HB 403, not the CBECA as a whole. 140 Idaho at 597, 97 P.3d at 464. Further, in *Osmunson*, this Court specifically upheld the CBECA's requirement that a patron must first sue the local school district and obtain district court authorization to add the state as a defendant. 135 Idaho at 296, 17 P.3d at 240. Joki's vague argument that the CBECA unconstitutionally alters the Idaho Rules of Civil Procedure is unavailing.

Second, Joki asserts that the CBECA does not apply because he is not claiming that the State Defendants failed to provide educational *services*; rather, he is claiming that the State Defendants are responsible for unconstitutional *fees* levied by the school districts. This argument is unavailing. The CBECA defines a constitutionally based educational claim as "a claim that public schools are not providing educational services that they are required to provide under section 1, article IX" of Idaho's Constitution. I.C. § 6-2202. Article IX, section 1 of the Idaho Constitution requires "a general uniform and thorough system of public, *free* common schools." Idaho Const. art. IX, § 1. (Emphasis added). It follows that in order for an educational service to satisfy the CBECA it must be free. Accordingly, Joki's claim relating to the fees levied by the school districts falls squarely within the definition of a constitutionally based educational claim because the legislature's duty is to provide *free* common schools.

We affirm the district court's dismissal of the State Defendants. In *Osmunson*, this Court summarized Idaho Code section 6-2205, stating:

---

[5] In his brief, Joki refers to Idaho Rule of Civil Procedure 23 as the Rule that addresses class actions. It is presumed that he intended to refer to Idaho Rule of Civil Procedure 77, which addresses class actions. I.R.C.P. 77.

> Only local school districts may be sued, initially, under the CBECA. The state, the legislature, and any of the state's agencies may be sued or added as defendants only if the district court determines that the local school district cannot provide the constitutionally required educational services with the school district's available resources.

135 Idaho at 294, 17 P.3d at 238. Further, Idaho Code section 6-2205 provides that "[a]ny patron suit against the state, the legislature, or any of the state's officers or agencies not authorized by the district court pursuant to this section shall be dismissed." *Id*. Because Joki did not obtain authorization from the district court to add the State Defendants, the district court's dismissal of the State Defendants was not in error.

**B.      Joki is not entitled to attorney's fees for proceedings at the district court level, nor is he entitled to attorney's fees on appeal.**

Joki argues that pursuant to the private attorney general doctrine, he is entitled to attorney's fees and costs for both the proceedings at the district court level and on appeal.

In *Hellar v. Censarrusa*, 106 Idaho 571, 577, 682 P.2d 524, 530 (1984), this Court noted that Idaho Code section 12-121 is the statutory basis for awarding attorney's fees under the private attorney general theory. *Id.* Idaho Code section 12-121 provides that a judge "may award reasonable attorney's fees to the prevailing party." I.C. § 12-121. Consequently, only a prevailing party may receive attorney's fees under the private attorney general theory. Joki is not the prevailing party against the State Defendants; therefore, he is not entitled to attorney's fees at the district court level or on appeal.

## VI. CONCLUSION

We affirm the district court's dismissal of the State Defendants and deny Joki's request for costs and attorney's fees. Costs on appeal to Respondents.

Chief Justice BURDICK, Justices EISMANN, HORTON and BRODY CONCUR.

9