IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 47270

| | | |
|---|---|---|
| **KIRBY VICKERS,** | ) | |
| | ) | |
| **Plaintiff-Appellant,** | ) | **Boise, June 2020 Term** |
| | ) | |
| **v.** | ) | **Opinion filed: August 7, 2020** |
| | ) | |
| **IDAHO BOARD OF VETERINARY** | ) | **Melanie Gagnepain, Clerk** |
| **MEDICINE; JODY ROCKETT, DVM, in her** | ) | |
| **official capacity as Board Member of Idaho Board** | ) | |
| **0f Veterinary Medicine; B. MATTHEW** | ) | |
| **DREDGE, DVM, in his official capacity as Board** | ) | |
| **Member of Idaho Board of Veterinary Medicine;** | ) | |
| **JEFF HEINS, DVM, in his official capacity as** | ) | |
| **Board Member of Idaho Board of Veterinary** | ) | |
| **Medicine; WILLIAM J. MAUPIN, DVM, in his** | ) | |
| **official capacity as Board Member of Idaho Board** | ) | |
| **of Veterinary Medicine; ROBERT N. PIERCE,** | ) | |
| **DVM, in his official capacity as Board Member of** | ) | |
| **Idaho Board of Veterinary Medicine; KATHY** | ) | |
| **SIMPSON, in her official capacity as Board** | ) | |
| **Member of Idaho Board of Veterinary Medicine,** | ) | |
| | ) | |
| **Defendants-Respondents.** | ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Nancy Baskin, District Judge.

The district court's order to dismiss for lack of subject-matter jurisdiction is affirmed.

Arkoosh Law Offices, Boise, for Appellant. Charles Arkoosh argued.

Lawrence G. Wasden, Idaho Attorney General, Boise, for Respondents. Cynthia Yee Wallace argued.

---

MOELLER, Justice

Kirby Vickers filed a grievance letter with Idaho Board of Veterinary Medicine (the Board") against a veterinarian requesting that they take various disciplinary actions. After an investigation, the Board declined to take any action against the veterinarian. Vickers then filed

suit in district court, seeking to compel the Board to hold a hearing. The district court dismissed his suit for lack of subject-matter jurisdiction. On appeal, Vickers argues that his letter to the Board initiated a contested action for which he is entitled to judicial review. For the following reasons, we affirm the district court's ruling.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 29, 2018, Kirby Vickers contacted Canyon Veterinary Clinic ("the Clinic") at 5:30 PM because his kitten was gravely ill. This kitten had previously been treated at the Clinic by Dr. Kelly Collins. An employee at the Clinic told Vickers that it could not provide immediate care for the kitten and recommended that he take it to West Vet, a local veterinary hospital that provides emergency care after normal business hours. Angered by the Clinic's response, Vickers declined and informed the Clinic he was going to file a complaint with the Idaho Board of Veterinary Medicine. The next day, Dr. Collins called Vickers to inform him that she was terminating their professional relationship and cancelling his upcoming appointment. According to Vickers, Dr. Collins said this was done "in retribution for threatening to file a complaint with the Vet Board."

These events were laid out in a letter Vickers mailed to the Board on March 5, 2018. Vickers's letter also claimed that Dr. Collins had been negligent in caring for another one of his cats in December of 2017, and alleged Dr. Collins and West Vet had colluded to violate ethical standards for veterinary medicine. He then asked the Board to suspend Dr. Collins's veterinary license for two months and require her to take a veterinary ethics course as a condition for reinstatement.

The Idaho Board of Veterinary Medicine is a state board with its procedures and disciplinary proceedings governed by the Idaho Administrative Procedures Act ("APA"), Idaho Code section 67-5201 *et seq*. *See e.g.* I.C. § 54-2105(8)(c) and (g). The Board has the responsibility for enforcing the state's veterinary laws, which includes the power to initiate complaints and conduct investigations relating to the practice of veterinary medicine. I.C. §§ 54-2105(8), 54-2105(8)(f). After receiving Vickers's letter, the Board notified him that it had received his complaint against Dr. Collins and would begin a review "of the case against the content of the Idaho Veterinary Practice Act." On August 24, 2018, the Board's liaison officer wrote to Vickers to inform him that the case was closed. Notably, while the Board stated that it

2

conducted an investigation, the appellate record does not contain any records of an investigation beyond these two letters mailed to Vickers.

Vickers filed a complaint in the district court on September 20, 2018, requesting a writ or order requiring the Board conduct a hearing on the matter. In response, the Board filed a motion to dismiss the case under Idaho Rule of Civil Procedure 12(b)(1). Following a hearing, the district court granted the Board's motion to dismiss. The court concluded that dismissal was proper because (1) there was no order from a contested case that permitted judicial review under the APA and (2) Vickers was not an aggrieved person for the purposes of Idaho Code sections 67-5270(2) and 54-2116. Accordingly, the court held that it lacked subject matter jurisdiction over the dispute because Vickers "lacks standing to bring a complaint for judicial review forcing the Board to initiate a contested case and hold a hearing where [he] would be allowed to testify." Vickers timely appealed.

## II.    STANDARD OF REVIEW

The district court dismissed Vickers's complaint pursuant to a justiciability challenge brought under Idaho Rule of Civil Procedure 12(b)(1). We have noted that "there is a distinction" between a 12(b)(1) challenge that is facial in nature, as opposed to a factual challenge: "[f]acial challenges provide the non-movant the same protections as under a 12(b)(6) motion. Factual challenges, on the other hand, allow the court to go outside the pleadings without converting the motion into one for summary judgment." *Owsley v. Idaho Indus. Comm'n*, 141 Idaho 129, 133 n.1, 106 P.3d 455, 459 n.1 (2005) (citations omitted).

Because the Board presented a facial challenge to Vickers's standing, we apply the same standard of review as we would to a motion under Idaho Rule of Civil Procedure 12(b)(6):

> When this Court reviews an order dismissing an action pursuant to I.R.C.P. 12(b)(6), [it] appl[ies] the same standard of review we apply to a motion for summary judgment. After viewing all facts and inferences from the record in favor of the non-moving party, the Court will ask whether a claim for relief has been stated. The issue is not whether the plaintiff will ultimately prevail, but whether the party is entitled to offer evidence to support the claims.

*Joki v. State*, 162 Idaho 5, 394 P.3d 48, 51 (2017) (quoting *Losser v. Bradstreet*, 145 Idaho 670, 672–73, 183 P.3d 758, 760–61 (2008) (internal citations and quotations omitted)). We review an appeal from an order on a motion for summary judgment *de novo*, which is the same standard utilized by a trial court when reviewing a motion for summary judgment. *Id.* Thus, we freely review this facial challenge to justiciability. *See id.*

3

## III.     ANALYSIS

### A. Vickers lacked standing to pursue judicial review under Idaho's Administrative Procedure Act.

Vickers contends that he initiated a contested case under the APA, which requires the Board to conduct a hearing. The district court determined that Vickers lacked standing because (1) there was no contested case and (2) he was not an aggrieved person for the purposes of the APA. We agree.

We begin by noting that "[a]ctions by state agencies are not subject to judicial review unless expressly authorized by statute." *Laughy v. Idaho Dep't of Transp.*, 149 Idaho 867, 870, 243 P.3d 1055, 1058 (2010) (citing I.R.C.P. 84(a)(1)). Without statutory authority, the reviewing court lacks subject-matter jurisdiction. *Id.* Under the APA, a party can seek judicial review in two circumstances: either (1) where there is "a party aggrieved by a final order in a contested case decided by an agency other than the industrial commission or the public utilities commission," or (2) where there is a "a person aggrieved by final agency action other than an order in a contested case." I.C. § 67-5270(2)–(3). Notably, there must be a contested case and an aggrieved party in either circumstance. *Id.*

### 1. *A private citizen cannot initiate a "contested case" with a grievance letter.*

As noted, Idaho Code section 67-5270(2)–(3) expressly limits judicial review to a "contested case." We previously held in *Vickers v. Lowe*, a case in which Vickers was also the appellant, "[t]he Idaho Administrative Procedure Act (IAPA) governs contested cases before state agencies, …" 150 Idaho 439, 442, 247 P.3d 666, 669 (2011). Further, the APA defines a "contested case" as "[a] proceeding *by an agency*, other than the public utilities commission or the industrial commission, that may result in the issuance of an order." I.C. § 67-5240 (emphasis added). Logically, this can only mean that the proceeding must be brought by an "agency." *See Westway Const., Inc. v. Idaho Transp. Dep't*, 139 Idaho 107, 111, 73 P.3d 721, 725 (2003) ("To be a contested case, the proceeding must be by an 'agency'. . ."). The APA defines agency as follows:

> "Agency" means each state board, commission, department or officer authorized by law to make rules or to determine contested cases, but does not include the legislative or judicial branches, executive officers listed in section 1, article IV, of the constitution of the state of Idaho in the exercise of powers derived directly and exclusively from the constitution, the state militia or the state board of correction.

I.C. § 67-5201(2). As noted, the Idaho Board of Veterinary Medicine, is a state board with its procedures and disciplinary proceedings governed by the APA. *See e.g.* I.C. § 54-2105(8)(c) and (g).

The APA also expressly provides that the decision to initiate a case is discretionary: "an agency or a presiding officer may decline to initiate a contested case." I.C. § 67-5241(1)(a). This provision "recognizes that some agencies have a prosecutorial function and, when exercising that function, have discretion to decline to prosecute." *Laughy*, 149 Idaho at 873, 243 P.3d at 1061. In *Laughy*, this Court explained the role of agency discretion in that process:

> Agencies can have both prosecutorial and adjudicatory functions. As IDAPA 04.11.01.420 states, "[w]hen statute assigns to an agency both (1) the authority to initiate complaints or to investigate complaints made by the public, and (2) the authority to decide the merits of complaints, the agency is required to perform two distinct functions: prosecutorial/investigative and adjudicatory." The prosecutorial function includes deciding whether or not to issue a complaint. As IDAPA 04.11.01.420.01 states, "[t]he prosecutorial function includes presentation of allegations or evidence to the agency head for determination whether a complaint will be issued...." A "complaint" charges a person with a violation of the law. "All pleadings charging other person(s) with acts or omissions under law administered by the agency are called 'complaints.' " IDAPA 04.11.01.240.01. The filing of a complaint initiates a contested case. See IDAPA 04.11.01.210 ("Pleadings in contested cases are called applications or claims or appeals, petitions, complaints, protests, motions, answers, and consent agreements."). Idaho Code § 67–5241(1)(a) simply provides that an agency has discretion to decline to prosecute—to decline to initiate a contested case.

149 Idaho at 873, 243 P.3d at 1061. The agency's discretion also extends to settling matters informally, such as through negotiation, stipulation, settlement, or a consent order. I.C. § 67-5241(1)(c) ("Informal settlement of matters is to be encouraged."). Where "an agency or a presiding officer declines to initiate or decide a contested case . . . the agency or the officer shall furnish a brief statement of the reasons for the decision to all persons involved." I.C. § 67-5241(3).

Idaho law vests only the Board with the responsibility for enforcing the state's veterinary laws. I.C. § 54-2105(8) ("The responsibility for enforcement of the provisions of this chapter is hereby vested in the board."). The Board has the power and authority on "its own motion or upon any complaint, to initiate and conduct investigations on all matters relating to the practice of veterinary medicine." I.C. § 54-2105(8)(f). In addition, the Board can "[i]nitiate and conduct disciplinary hearings or proceedings on its own or through its designated hearing officer." I.C. §

54-2105(8)(g). Thus, concomitant with the Board's discretionary authority to initiate a contested case, is its reciprocal authority to "decline to initiate a contested case." I.C. § 67-5241(1)(a).

Vickers points to the language in *Laughy*—"[t]he filing of a complaint initiates a contested case"—to argue that any public citizen can file a complaint pursuant to Idaho Rule of Administrative Procedure of the Attorney General ("IDAPA") 04.11.01.240.02 and begin a contested case. However, both the APA and the corresponding IDAPA rules, as laid out above in *Laughy*, address only *agency* actions. *See Laughy*, 149 Idaho at 873, 243 P.3d at 1061; *Westway*, 139 Idaho at 111, 73 P.3d at 725. *See also Vickers v. Lowe*, 150 Idaho 439, 442, 247 P.3d 666, 669 (2011) ("[The APA] governs contested cases before state agencies."). IDAPA Rules 420 through 429, on the other hand, "set forth procedures to be followed by the agency head, agency attorneys, agency staff and hearing officers in processing these complaints or responding to citizen inquiries." IDAPA 04.11.01.420. Thus, Vickers cannot apply these rules to his grievance letter, even if it was referred to as a "complaint" in correspondence from the Board, because it is not an agency action under the APA or IDAPA.

We do not read *Laughy* and *Westway* as broadly as Vickers. Neither case extended the meaning of "complaint" to permit citizens to initiate contested cases under the APA. As previously noted, the APA itself expressly defines a contested case as a "proceeding *by an agency*." I.C. § 67-5240 (emphasis added). In addition, this Court has held that a contested case "must" begin with an agency proceeding. *Westway*, 139 Idaho at 111, 73 P.3d at 725. Vickers is not an agency, nor is he an official representative of one. The circumstances here simply show that Vickers filed a grievance letter with the Board, which included his recommendation to temporarily suspend Dr. Collins's license. The Board's liaison officer then investigated the claim, and concluded that no statutory rule or ethical violations had occurred. She then closed the case and notified Vickers pursuant to Idaho Code section 67-5241(3). Thus, while Vickers's letter has been continually referred to as a "complaint" in this case, it is more properly categorized as a grievance letter and recommendation for the Board to take action against Dr. Collins. Although the filing of a complaint still initiates a contested case, an *agency's* complaint remains distinguished from a public inquiry or recommendation. *See* I.C. § 67-5240; IDAPA 04.11.01.421. This difference was expressly recognized by the Court in *Laughy*, despite the frequent use of the word "complaint" in the opinion to describe both the agency's proceedings and a public individual's filing.

As IDAPA 04.11.01.420 states, "[w]hen [a] statute assigns to an agency both (1) the *authority to initiate **complaints** or to investigate **complaints** made by the public*, and (2) the authority to decide the merits of **complaints**, the agency is required to perform two distinct functions: prosecutorial/investigative and adjudicatory." *The prosecutorial function includes deciding whether or not to issue a **complaint**.*

149 Idaho at 873, 243 P.3d at 1061 (emphasis added).

Although we share some of the concerns Vickers has raised regarding the lack of oversight and accountability provided in these statutes, we cannot agree with Vickers's premise that the APA permits any private citizen to direct who shall be prosecuted and investigated by the governmental boards and agencies of this state. Here, the Board's prosecutorial functions are clearly discretionary and disputes are meant to be resolved informally where possible. I.C. § 67-5241(1)(c). While a professional disciplinary action can begin with a private citizen's report, the ultimate prosecutorial discretion to commence a "contested case" is vested with the respective agency. *See e.g. In re Bd. of Psychologist Examiners' Final Order Case No. PSY-P4B-01-010-002 ex rel. Wright*, 148 Idaho 542, 544, 224 P.3d 1131, 1133 (2010).

### 2. While Vickers may be personally "aggrieved," he is not an "aggrieved party" under the statute.

Vickers next contends he is an aggrieved party because the Board's letter "adjudicated all of [Vickers's] interests," while the Board argues that Vickers has failed to articulate a palpable injury. Essentially, Vickers contends that he is "forever aggrieved" without a fair decision-making process, *i.e.* that he has a right to a hearing as the party who initiated the case—not for himself to be heard, but to see Dr. Collins prosecuted per his recommendation. In his reply brief, Vickers expands on this, arguing that he "has the personal right to protection by the power of the state to promote the public health, safety and welfare by safeguarding himself and his cats by enforcing the professional standards and regulating veterinary health professionals." While we understand Vickers's desire for personal vindication, we disagree with his legal analysis.

Judicial review under Idaho Code section 67-5270 requires the person or party bringing the petition to be "aggrieved by" either the final agency action or final order. This Court has previously explained that "a person is aggrieved by an order when the order affects his or her present personal, pecuniary, or property interest." *Ashton Urban Renewal Agency v. Ashton Mem'l, Inc.*, 155 Idaho 309, 311, 311 P.3d 730, 732 (2013). The effect on those interests, however, "must be more than a possible or remote consequence of the order." *Id.* Put in another

way, we ask, "Would the party have had the thing if the erroneous judgment had not been entered? If the answer be yea, he is a party aggrieved." *Id.* (quoting *State v. Eves*, 6 Idaho 144, 53 P. 543, 544 (1898)).

Vickers has not articulated an actual personal, pecuniary, or property interest in this case. Although he may contend that the loss of a kitten concerns a "property right," the Board's refusal to initiate a contested case against Dr. Collins was not the cause of that loss, nor could it provide a remedy for that loss. The statutory "right" Vickers cites is the Legislature's policy declaration for veterinary law "to promote the public health, safety and welfare by safeguarding the people and animals of this state." I.C. § 54-2101. Nothing in this statute grants Vickers a private right to initiate a contested case under the APA, nor does it guarantee him specific due process rights when writing a grievance letter to the Board. As summarized by the district court:

> Plaintiff is not an aggrieved party, for a number of reasons, and judicial review is not available. In the Letter, Plaintiff makes no demand for reimbursement or other monetary relief; he does not describe how the suspension of Dr. Collins is a "thing" as described in *Eves* that was erroneously taken away; and he does not describe any rights, privileges, or duties which were affected by the Board's decision not to initiate a contested case. Neither has he shown how he has a statutory right to initiate a complaint on behalf of the Board against Dr. Collins.

Indeed, on appeal Vickers still has not demonstrated an actual injury; rather, he seems to be primarily aggrieved because of his inability to force the Board to initiate disciplinary proceedings against Dr. Collins and hold a hearing.

In sum, Vickers neither initiated a contested case under the APA nor is he an aggrieved party under the APA. Therefore, the two fundamental requirements for judicial review under the APA have not been met. I.C. § 67-5270(2)–(3). Accordingly, we affirm the district court's order to dismiss for lack of subject-matter jurisdiction. Because of our decision on these issues, we need not address whether a final order or agency action occurred, nor need we address the doctrine of sovereign immunity.

### B. Attorney Fees

Both parties request attorney fees under Idaho Code section 12-117, which states that the court "shall award the prevailing party reasonable attorney's fees . . . if it finds that the nonprevailing party acted without a reasonable basis in fact or law." Likewise, the Board also requests attorney fees under Idaho Code section 12-121, which permits an award where "the case was brought, pursued or defended frivolously, unreasonably or without foundation." While the

Board is the prevailing party, the question of whether a private citizen's letter of complaint to a state board constitutes a contested case has not been squarely presented to us in this context. Because the statute was not clear with its use of the term "complaint," and the term has been inadequately defined and misused in describing different documents and procedures in the past, we will not award attorney fees to the Board.

## IV.  CONCLUSION

We affirm the district court's order to dismiss for lack of subject-matter jurisdiction. Costs are awarded to the Board.

Chief Justice BURDICK, and Justices BRODY, BEVAN and STEGNER **CONCUR.**